[No. 11480.   Department Two.   January 24, 1914.]

THOMAS M. WARNER, *Appellant*, v. EMPIRE REALTY
COMPANY *et al.*, *Respondents.*

EMPIRE REALTY COMPANY, *Respondent*, v. F. A. RATCLIFF
*et al.*, *Respondents.*[1]

CONTRACTS—EMPLOYMENT—SERVICES—LIABILITY OF THIRD PERSONS.
A real estate salesman, employed by a brokerage company to work
for it, and receiving as compensation a share of the commissions
earned on his sales, cannot recover the amount of such commis-
sions from clients of the brokerage company, without any garnishee
process or recovery of judgment against his employer.

APPEAL—REVIEW—HARMLESS ERROR.   In an action tried to the
court, it is not prejudicial error to refuse an offer of proof which
could in no event have changed the result upon the merits.

Appeal from a judgment of the superior court for King
county, Humphries, J., entered May 23, 1913, upon findings
in favor of the Empire Realty Company, in consolidated ac-
tions to recover a broker's commission, after a trial to the
court.   Affirmed.

*Beechler & Batchelor*, for appellant.
*Wm. C. Keith*, for respondents.

PARKER, J.—These actions, while commenced separately in
the superior court for King county, were, by stipulation of
all parties thereto, consolidated in that court.   The rights
of the plaintiff Warner are, in substance, those of an inter-
vener in the action of Empire Realty Company against Rat-
cliff and wife.   Warner seeks recovery from Ratcliff and wife
of a commission upon an exchange of real estate, also sought
to be recovered from Ratcliff and wife by Empire Realty Com-
pany.   Warner also prays that the Empire Realty Company
be adjudged to have no right to the claimed commission.   A
trial before the court without a jury resulted in a judgment
in favor of Empire Realty Company, against Ratcliff and

[1]Reported in 137 Pac. 1049.

wife for the sum of $147, and also in the denial of the relief prayed for by Warner. The judgment against Ratcliff and wife was immediately satisfied by paying the amount thereof into court, which was, by order of the court, paid to Empire Realty Company. From this disposition of the cause, Warner has appealed to this court.

The controlling facts, we think, are not subject to serious controversy. In March, 1910, Empire Realty Company entered into a contract in writing with M. N. Knuppenburg, the provisions of which, so far as we need here notice them, were as follows:

"The said Empire Realty Company hereby employs the said second party as a real-estate salesman to take charge of the farm and acreage department of their said business, to work upon a commission basis, the said second party to devote his best efforts to the success of said business.

"It is hereby agreed between the parties hereto, that said second party shall receive as his compensation for said services, a certain share of the commissions earned by sales of acreage and farms, as hereinafter provided, to wit:" (Here follows a statement of commissions to be paid by Empire Realty Company to Knuppenburg for his services.)

In December, 1910, Empire Realty Company entered into a contract in writing with Ratcliff and wife by which it was to effect an exchange of certain lands of Ratcliff and wife, and receive a certain commission as compensation therefor. Thereafter, Knuppenburg, acting for Empire Realty Company, in pursuance of his employment contract above quoted from, effected the exchange of Ratcliff and wife's lands, resulting in the earning of the commission due from Ratcliff and wife in pursuance of their contract with Empire Realty Company. In December, 1911, Empire Realty Company commenced the first of these actions against Ratcliff and wife, to recover a claimed balance of $285, due upon the commission. In January, 1912, Knuppenburg made an assignment to appellant Warner, reading as follows:

"For value received, I hereby sell, transfer, set over and assign unto Thomas M. Warner, any and all accounts in favor of myself against F. A. Radcliffe and Nora A. Radcliffe, his wife."

In August, 1912, Warner commenced the second of these actions to recover from Ratcliff and wife the claimed balance of $285 due upon the commission, and also prayed that the Empire Realty Company be decreed to have no interest in this balance.

Counsel for appellant evidently proceed upon the theory that a portion of the commission, equal to the agreed compensation due Knuppenburg measured by his employment contract with Empire Realty Company, constitutes an obligation which can be recovered upon by Knuppenburg, or appellant as his assignee, direct from Ratcliff and wife, and that Empire Realty Company had already received from Ratcliff and wife its portion of the commission. It seems to us that appellant's contentions rested upon this theory are fully answered by the contract of employment entered into by Knuppenburg with the Empire Realty Company, which renders it plain that he was employed by that company, and that his assignee, appellant, must look to it for the payment of his compensation. Appellant is not seeking from the Empire Realty Company, Knuppenburg's employer, a personal money judgment against it for services rendered by Knuppenburg, but seeks to pass over the head of Knuppenburg's employer, Empire Realty Company, and recover the compensation from its debtors, Ratcliff and wife; not through the usual garnishment proceedings, which would require that he first have judgment against the Empire Realty Company; but evidently upon the theory that Ratcliff and wife were indebted to appellant, as Knuppenburg's assignee, as well as Empire Realty Company for commission in making the land exchange. We are of the opinion that appellant was not entitled to judgment against Ratcliff and wife, since Ratcliff and wife owed him nothing, from which it necessarily follows

that he was not entitled to the money paid into court in satisfaction of the judgment rendered against Ratcliff and wife in favor of Empire Realty Company. Whether Knuppenburg or appellant, as his assignee, is entitled to a money judgment in any sum against Empire Realty Company on Knuppenburg's employment contract is a question that is not involved in this controversy, nor is the judgment rendered herein in anywise *res adjudicata* of that question.

It is complained that the court erroneously excluded certain evidence offered by counsel for appellant. A somewhat careful reading of the statement of facts leaves us in doubt as to the exact offer of proof made. We think, however, that no offer of proof was made tending to show that the employment contract between Empire Realty Company and Knuppenburg, from which we have quoted, was not entered into and was not in force at the time of the earning of the commission due from Ratcliff and wife upon their land exchange, nor was there any offer made tending to show that Knuppenburg, in the consummation of that exchange, was acting otherwise than under and in pursuance of that employment contract. The offers of evidence would, in no event, have changed these controlling facts. We are of the opinion that the offered proof could in no event have changed the result upon the merits, and therefore no prejudice resulted from the court's rulings thereon.

A number of other rulings of the court touching the pleadings and other matters of procedure are challenged. It is possible that a careful review of these rulings might disclose some technical errors, but they were so clearly without prejudice to the rights of appellant that we think they do not call for discussion.

The judgment is affirmed.

CROW, C. J., MOUNT, FULLERTON, and MORRIS, JJ., concur.