CARLA R. WHITNEY *vs.* AMERICAN FIDELITY COMPANY.

Suffolk. February 8, 1966. — April 6, 1966.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, SPIEGEL, & REARDON, JJ.

*Insurance,* Protection against uninsured motorists. *Words,* "Applicable."

Where an insurance policy obligated the insurer to pay an insured the damages recoverable by the insured against the owner or operator of an "uninsured automobile" for bodily injury sustained by the insured through use of such automobile, and the insured was injured in an accident while riding as a guest in an automobile having compulsory motor vehicle liability insurance coverage but no coverage against liability for injuries sustained by guests, it was held that the automobile was an "uninsured automobile" within a policy definition thereof as one "with re-

spect to the . . . use of which there is no bodily injury liability bond or insurance policy applicable at the time of the accident with respect to any person . . . legally responsible for the use" thereof.

CONTRACT. Writ in the Superior Court dated August 23, 1962.

The plaintiff appealed from an order for judgment for the defendant by *DeSaulnier, J.*

The case was submitted on briefs.

*Frederick G. Talabach* for the plaintiff.

*James F. Lawton & James F. Lawton, Jr.,* for the defendant.

REARDON, J. In this action of contract the plaintiff seeks to recover damages for personal injuries under a contract of insurance which had been issued to her father but which also covered her. She sustained personal injuries in an accident while a guest in an automobile owned and operated by one Philip Clegg, whose only insurance was a compulsory motor vehicle liability policy required by G. L. c. 90, §§ 34A–34J. There was a statement of agreed facts. "Coverage U" in the policy issued by the defendant to the plaintiff's father obligated the defendant to pay all sums which the plaintiff would be legally entitled to recover as damages from the owner or operator "of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom . . . sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile . . . ." The policy defined an uninsured automobile as "an automobile with respect to the ownership, maintenance or use of which there is no bodily injury liability bond or insurance policy *applicable* at the time of the accident with respect to any person or organization legally responsible for the use of such automobile . . ." (emphasis supplied). The issue before us is whether, since Clegg carried a compulsory policy on his automobile but made no provision against injuries to guests by means of either a bond or by insurance, it can be held that there was no "bodily injury liability bond or insurance policy applicable at the time of the accident." Dictionary definitions of the word "applicable"

include the words "fit," "suitable," "pertinent," "appropriate," or "capable of being applied." In view of these definitions, it could be said that at the time of the accident Clegg's automobile was uninsured within the definition of the policy in that there was no bond or insurance with respect to him "capable of being applied" to the bodily injuries of this plaintiff. There was at least ambiguity present in the definition of the "uninsured automobile" and "any ambiguity must be resolved against the defendant. The contract was drawn by the defendant and it would have been an easy matter to state the provisions of the section in dispute in form and words which would leave no doubt as to its intent." *MacArthur* v. *Massachusetts Hosp. Serv. Inc.* 343 Mass. 670, 672. *August A. Busch & Co. of Mass. Inc.* v. *Liberty Mut. Ins. Co.* 339 Mass. 239, 243. *Joseph E. Bennett Co. Inc.* v. *Fireman's Fund Ins. Co.* 344 Mass. 99, 103. *J. D'Amico, Inc.* v. *Boston,* 345 Mass. 218, 224–225.

*Order for judgment reversed.*