Scileppi, J.
Appellants’ automobile collided in South Carolina with an automobile driven by one Smith. At the time of the accident, the Smith automobile was insured-by the dens Falls Insurance Company but, 16 months thereafter, dens Falls disclaimed liability because of Smith’s failure to co-operate. Appellants were insured under a policy issued to them in New York by the Vanguard Insurance Company, respondent herein. The policy contained a Family Protection clause which purported to provide coverage to the insureds in the event of injury to them by an owner or operator of an uninsured automobile. The term uninsured automobile was defined in the Vanguard policy as follows: “an automobile with respect to the ownership, maintenance or use of which there is no bodily injury liability bond or insurance policy applicable at the time- of the accident with respect to any person or organization legally responsible for the use of such automobile ” (emphasis added). The policy also contained a lengthy and detailed definition of *379 what an uninsured automobile is not. Any dispute over liability or damages under tbe Family Protection clause was to be submitted to arbitration. Finally, the policy contained a provision which stated that Vanguard would not be liable under the Family Protection clause if the insureds, without the written consent of Vanguard, made any settlement with or prosecuted to judgment any action against any person who may be legally liable for injuries sustained by the insureds.
After G-lens Falls disclaimed, appellants filed a claim against Vanguard under the Family Protection clause of their policy. Vanguard rejected their claim on the ground that Smith was not an uninsured driver under the definition contained in the policy. Appellants responded that, in view of Vanguard’s rejection and the disclaimer by Glens Falls, they would seek a -judgment against Smith. A default judgment was subsequently obtained against Smith. Appellants then served a demand for arbitration upon Vanguard in accordance with the provision of the Family Protection clause. Vanguard moved to stay arbitration on the grounds that Smith was not an uninsured driver and that appellants had pursued their claim against Smith to judgment without the company’s written consent, as required by the policy.[1] Appellants argued that they did not lose their rights under the Family Protection clause by pursuing their claim against Smith to judgment; that the definition of an uninsured driver was ambiguous and should be construed to include an automobile upon which there has been a disclaimer of coverage subsequent to the event giving rise to the liability; and that the construction of the uninsured automobile definition should be controlled by section 167 (subd. 2-a) of the Insurance Law.
Subdivision 2-a of section 167 provides for the Motor Vehicle Accident Indemnification Corporation’s (MVAIC) liability for injuries inflicted by an uninsured automobile in accidents occurring within the State. It defines an uninsured automobile as one ‘‘ as to which at the time of the accident there was not in *380 effect a policy of liability insurance ” and also as “an insured motor vehicle where the insurer disclaims liability or denies coverage ”.[2]
Special Term denied Vanguard’s motion to stay arbitration and granted appellants’ demand for arbitration. The Appellate Division reversed holding that the definition in the policy was clear and unambiguous; that, despite the disclaimer by Glens Falls, the Smith automobile was not an uninsured vehicle at the time of the accident; that the definition set out in section 167 (subd. 2-a) was not controlling since this was not a suit against MVAIC and since the accident occurred outside of the State.
The Appellate Division was correct when it ruled that section 167 .(subd. 2-a) did not control the construction of the uninsured motorist clause found in this case. We disagree, however, with the Appellate Division’s holding that the definition in the policy was clear and unambiguous and that the subsequent disclaimer by Glens Falls did not affect Smith’s insurance status at the time of the accident.
In our opinion, the phrase ‘ ‘ applicable at the time of the accident ’ ’ requires construction where, as here, an insurance company has disclaimed liability subsequent to the accident. That phrase, of course, must be construed within the context of the clause wherein it is found and in light of the purpose sought to be accomplished by the clause (Harris v. Allstate Ins. Co., 309 N. Y. 72, 76). Section 167 (subd. 2-a) of the Insurance Law provides a guide to the ascertainment of the purpose of the clause. Thus, while the statutory definition of an uninsured driver is not controlling, it should not be ignored (see Schuster v. City of New York, 5 N Y 2d 75, 86). Section 167 *381 (subd. 2-a) expresses tbe public policy of tbis State that motorists should be protected against damages inflicted by a financially irresponsible party. Undoubtedly, this is also the purpose of the uninsured motorist clause in Vanguard’s policy. Bearing that purpose in mind, it does not seem unreasonable to hold that an insurance policy which is disclaimed subsequent to an accident is not a policy applicable at the time of the accident. The disclaimer by G-lens Falls related back to the time of the accident and left Smith uninsured against liability arising out of the accident. Smith was just as financially irresponsible as a result of the disclaimer as he would have been if he never took out a policy. The view, therefore, that a disclaimed uncollectible policy is a policy applicable at the time of the accident is an unnecessarily restrictive one which defeats the very purpose of the uninsured motorist clause and ignores the spirit, if not the letter, of section 167 (subd. 2-a) (see Rosen v. United States Fid. & Guar. Co., 23 A D 2d 335, 338-339 [Valente, J., dissenting]; cf. Schuster v. City of New York, 5 N Y 2d 75, supra). We, therefore, conclude, contrary to the view expressed in several lower court cases (see Rosen v. United States Fid. & Guar. Co., supra; Matter of Allstate Ins. Co. [Smith], 26 Misc 2d 859; Matter of American Nat. Fire Ins. Co. [McCormack], 15 Misc 2d 692, and Matter of Berman [Travelers Ind. Co.], 11 Misc 2d 291), that Smith was an uninsured driver within the definition of the Vanguard policy.
Furthermore, the policy’s negative definition of an “uninsured automobile ” does not exclude an auto upon which there has been a disclaimer of coverage. Thus by inference, an auto upon which there is a disclaimer of coverage is an uninsured auto. Following the rule that the terms of an insurance policy will receive the construction most favorable to the insured (Sperling v. Great Amer. Ind. Co., 7 N Y 2d 442), we so hold. If it was the insurer’s intent to exclude from the definition of an uninsured auto those autos upon which a disclaimer of coverage is made subsequent to an accident, this intent should have been explicitly written into the exclusionary clause of the policy which negatively defined an uninsured auto (Morgan v. Greater N. Y. Taxpayers Mut. Ins. Assn., 305 N. Y. 243, 248).
Vanguard also opposed arbitration on the ground that appellants released them from liability under the Family Protection *382 clause when they obtained a judgment against Smith without Vanguard’s written consent.' Special Term rejected that contention stating that Vanguard waived the consent provision when it rejected appellants’ claim under the Family Protection clause. The Appellate Division ruled that appellants could not prevail on any waiver theory. We disagree.
When appellants obtained their judgment against Smith, Vanguard had already informed appellants that the Family Protection clause was not operative because Smith was not an uninsured driver as defined in the policy. By repudiating liability, Vanguard breached its contract with the appellants under the Family Protection clause and thereby released the appellants from compliance with the clause requiring Vanguard’s written consent to pursue their claim against Smith to judgment (Cardinal v. State of New York, 304 N. Y. 400, 410-411; Matter of Empire State Sur. Co., 214 N. Y. 553).
When Vanguard opposed appellants’ demand for arbitration on the ground that Smith was not an uninsured driver, an issue of coverage arose. The arbitration provision of the policy only applied to issues of liability and damage. Thus, the issue of coverage was not an arbitrable issue, and Special Term should have denied appellants’ demand for arbitration and held a trial to resolve the issue (Matter of Motor Vehicle Acc. Ind. Corp. [Malone], 16 N Y 2d 1027; Matter of Rosenbaum [American Sur. Co. of N. Y.], 11 N Y 2d 310). Since, however, we have resolved the issue of coverage in this opinion, we see no purpose in remanding this matter to Special Term for any further proceedings on the question of coverage.
We, therefore, reverse the order of the Appellate Division and reinstate Special Term’s order of arbitration.

. Vanguard.did not oppose arbitration on tbe ground that tbe disclaimer was not a valid one. The validity of tbe disclaimer is not an issue in this ease. If its validity was at issue, arbitration would have been improperly ordered without first holding a trial to resolve that issue. A mere disclaimer, where its validity is in doubt, will not suffice to compel arbitration (Matter of Motor Vehicle Acc. Ind. Corp. [Malone], 16 N Y 2d 1027).

. The section has since been amended (L. 1965, eh. 322, § 3); and, as of July 1, 1965, the insurer rather than MVAIC will pay the insured the required sums for injuries or death inflicted by an uninsured automobile as defined above. Every policy issued or renewed after July 1, 1965 must contain an uninsured motorist clause defining an uninsured automobile as appellants would have us define it. If it is not so defined in the policy, the statute directs that the policy be construed as if such definition was contained therein. In the present situation, however, appellants would not be protected by the statute, as amended, even if their policy had been issued subsequent to July 1, 1965 for the statutory definition only applies to accidents occurring within the State.