270 A.2d 919.

ERNEST J. FAGNANT *vs.* PACIFIC INSURANCE COMPANY OF NEW YORK.

NOVEMBER 20, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. In this civil action the plaintiff is seeking to recover from the defendant insurer for damages sustained in a motor vehicle collision under the uninsured motorist clause of his policy of insurance. The case was certified to this court by the Superior Court on an agreed statement of facts pursuant to the provisions of G. L. 1956, §9-24-25. The prime issue raised for our consideration is whether an insured has coverage under an uninsured motorist clause in a policy, where the tort-feasor at the time of the accident was covered by a policy of liability insurance issued to him by an insurer which, subsequent to the occurrence of the accident, became insolvent.

It is agreed by the parties that on July 12, 1963, a motor vehicle being operated by plaintiff was struck in the rear by one operated by a Robert E. Shane. It is further agreed that at that time Shane had a policy of liability insurance which had been issued to him by an insurer that subsequently, on March 30, 1967, became insolvent. The effect of this was that Shane in 1967 became a person without

insurance coverage. Thereupon plaintiff brought the instant suit, seeking to recover under the uninsured motorist clause of a policy issued to him by this defendant.

In our opinion, the rule stated by this court in *Aldcroft* v. *Fidelity and Casualty Co. of New York,* 106 R. I. 311, 259 A.2d 408, is dispositive of this issue. In that case we considered the effect of an uninsured motorist clause in a policy that is in identical terms with that contained in the instant policy. In that case the policy clause defined an uninsured motor vehicle as one where no liability bond was " 'applicable at the time of the accident.' " The language in the instant policy defining an uninsured automobile is precisely the same as that in *Aldcroft.*

In *Aldcroft,* relying on *Nagy* v. *Lumbermens Mutual Casualty Co.,* 100 R. I. 734, 219 A.2d 396, we held that the words used in a contract of insurance are to be given their plain, ordinary, and usual meaning in seeking to determine the intent of the parties. Applying that test to the policy terms set out in *Aldcroft,* we concluded "* * * that the contract contemplated that a vehicle would be an uninsured vehicle within its terms when no liability insurance was in effect at the time the accident occurred." We conclude in the instant case that the parties contemplated that coverage under the uninsured motorist clause would be effective only where no liability policy was in effect at the time of the accident. In the instant case such a policy was in effect, and it is our conclusion that the plaintiff was not and is not now within the coverage of the uninsured motorist clause of his policy.

The record and the papers in this case are hereby sent back to the Superior Court with our decision endorsed thereon for entry of a final judgment in accordance therewith.

JOSLIN, J., dissenting. I did not participate in *Aldcroft*

v. *Fidelity and Casualty Co. of New York,* 106 R. I. 311, 259 A.2d 408, and therefore, read it from the vantage of hindsight. I would restrict it to its facts.

In my judgment a tort-feasor whose insurance carrier becomes insolvent moments after he has injured a third person is no less an uninsured motorist than is a tort-feasor who at the moment when the accident occurred was without any liability insurance at all. In either event the injured person is denied the *protection* which would have been his if the tort-feasor at the time of the accident had liability insurance which was "applicable," that is, as defined in Webster's *Third New International Dictionary,* insurance "capable of being applied" to satisfy lawful claims. It was that kind of *protection* which was contemplated by the parties. They were interested in protecting, and being protected, against damages inflicted by a financially irresponsible party, and it was that kind of *protection* which the legislature had in mind when, in G. L. 1956, §27-7-2.1, it required, subject to the right of the insured to reject the coverage, that all automobile liability insurance contracts issued in this state should contain an uninsured motorist's endorsement.

While the authorities are divided, I believe those upon which I rely take a more realistic approach. *Whitney* v. *American Fidelity Co.,* 350 Mass. 542, 215 N.E.2d 767; *Hodges* v. *Canal Ins. Co.,* (Miss.), 223 So. 2d 630; *Vanguard Ins. Co.* v. *Polchlopek,* 18 N.Y.2d 376, 222 N.E.2d 383; *Pattani* v. *Keystone Ins. Co.,* 426 Pa. 332, 231 A.2d 402; *Tsapralis* v. *Public Employees Mutual Casualty Co.,* 77 Wash.2d 581, 464 P.2d 421. *Contra, Apotas* v. *Allstate Ins. Co.,* Del., 246 A.2d 923; *Topolewski* v. *Detroit Automobile Inter-Ins. Exch.,* 6 Mich. App. 286, 148 N.W.2d 906; *Swaringin* v. *Allstate Ins. Co.,* (Mo.), 399 S.W.2d 131.

PAOLINO, J., dissenting. The specific issue before us here was not raised in *Aldcroft.* Therefore, although I partici-

712

pated in the latter case, I also believe that it should be confined to its own facts. For this reason I join in the dissent of my Brother Joslin.

*Peter Palombo, Jr.,* for plaintiff.

*Gunning & LaFazia, Bruce M. Selya, John F. McDonough,* for defendant.