Buckeye Union Insurance Company, Appellee, *v.* Price et al., Appellants.

[Cite as Buckeye Union Ins. Co. v. Price (1974), 39 Ohio St. 2d 95.]

(No. 73-974—Decided July 10, 1974.)

96

*Messrs. Waite, Schindel, Bayless & Schneider* and *Mr. David A. Kohnen,* for appellee.

*Messrs. Keating, Muething & Klekamp* and *Mr. Lanny R. Holbrook,* for appellants.

CELEBREZZE, J. The Buckeye Union policy in effect at the time of the accident provided uninsured motorist protection under its Family Protection Coverage clause. The pertinent language was contained in the following definition:

" 'uninsured automobile' includes * * *:

"(a) an automobile with respect to the ownership, maintenance or use of which there is no bodily injury liability bond or insurance policy *applicable at the time of the accident* with respect to any person or organization legally responsible for the use of such automobile * * *." (Emphasis added.)

The issue before this court is whether that language is ambiguous. If it is, the language will be interpreted in favor of the insured.

Appellants devote part of their argument to the proposition that R. C. 3937.18[a] evinces the express public policy of the state requiring insurance companies to provide their policyholders with protection losses which, because of the tortfeasor's lack of liability coverage, would otherwise go uncompensated. This, they argue, prevents private parties from inserting provisions in, or omitting provisions from, the policy which restrict coverage contrary to that public policy. Among the cases cited in support of that position are *Buckeye Union Ins. Co.* v. *Steiner* (1974), 37 Ohio St. 2d 113; *Bartlett* v. *Nationwide Mutl. Ins. Co.* (1973), 33 Ohio St. 2d 50; and *Abate* v. *Pioneer Mutual. Cas. Co.* (1970), 22 Ohio St. 2d 161.

However, as the trial court pointed out, the policy in question was issued on May 14, 1961. Ohio's compulsory uninsured motorist coverage law was enacted in 1965, four years later. The cases based upon that law are not controlling; and this court cannot give retroactive effect to that statute. This case must be decided upon a common-law interpretation of the language of the 1961 insurance policy.

Appellee argues that the facts are not in issue. The tortfeasor was insured by Old Line Insurance Co., at the time of the accident. Thus, his automobile cannot be an automobile with respect to which there is no "insurance policy applicable at the time of the accident * * *." It is Buckeye's position that the definition is clear and unambiguous and not subject to construction by the court. Old Line's subsequent insolvency is immaterial, since, on August 12, 1961 (the date of the accident), there was an insurance policy in effect.

Appellants argue that the policy language is ambiguous,

---

[a]R. C. 3937.18, in pertinent part, provides:

"(B) For the purpose of this section, a motor vehicle is uninsured if the liability insurer denies coverage or is or becomes the subject of insolvency proceedings in any jurisdiction."

and, according to well-settled principles of law, the ambiguity must be resolved in favor of the insured. They argue that the layman pays the extra premium for uninsured motorist coverage in order to protect himself from all losses which would otherwise go uncompensated. The effect is the same, whether the tortfeasor has never had insurance, the insurer subsequently denies coverage, or the insurer subsequently becomes insolvent. The layman receives no compensation.

That precise issue has not been determined by this court. The highest courts of Minnesota, North Carolina and Rhode Island have decided that the language is not subject to interpretation, holding for the insurance companies. *Baune* v. *Farmers Ins. Exchange* (1969), 283 Minn. 54, 166 N. W. 2d 335; *Rice* v. *Aetna Cas. & Surety Co.* (1966), 267 N. C. 421, 148 S. E. 2d 223; *Hardin* v. *American Mutl. Fire Ins. Co.* (1964), 261 N. C. 67, 134 S. E. 2d 142; *Fagnant* v. *Pacific Ins. Co.* (1970), 107 R. I. 709, 270 A. 2d 919. Lower appellate courts in Delaware, Florida, Illinois, Michigan, Missouri and Tennessee have reached the same result.

However, the highest courts in three states have reached the opposite view. *Tsapralis* v. *Public Employees Mutl. Cas. Co.* (1970), 77 Wash. 581, 464 P. 2d 421; *In re Vanguard Ins. Co.* (1966), 18 N. Y. 2d 376, 222 N. E. 2d 383; *Morgan* v. *Farmers Ins. Exchange* (Colo. 1973), 511 P. 2d 902. See 26 A. L. R. 3d 883, 900 (Section 7), for the lower court citations.

This court subscribes to the view that the language is subject to interpretation.

The most cogent rationale for those decisions is expressed in *Tsapralis* v. *Public Employees Cas. Co.*, *supra*.

There, the court decided that substantially the same language as is here before us was reasonably susceptible to more than one interpretation. Looking to the intent of the parties, the court said:

"* * * An injured party is as much unprotected by a tort-feasor's insurance carrier which becomes insolvent

subsequent to the injury as is one injured by a tort-feasor whose insurance carrier became insolvent immediately before the accident. [Of course, it is exactly this unprotected loss which the layman naturally attempts to protect against.] It is not the moment of impact that an insured logically considers of consequence in contracting for protection against an uninsured motorist—rather, it is the ability of the tort-feasor's insurance carrier to respond in damages for a lawful claim that is the realistic and natural concern of the insured. * * *"

The court then went on to consider a relation back in time theory to allow recovery under the policy. In addition, the court drew an analogy to the relation back theory almost universally applied in denial of coverage cases. *Cf. Steiner, supra* (37 Ohio St. 2d 113).

In accord with that reasoning, we find that the language in question is reasonably susceptible of more than one meaning, and construe it "* * * liberally in favor of the insured and strictly as against the insurer. * * *" *Ohio Farmers Ins. Co.* v. *Wright* (1969), 17 Ohio St. 2d 73, 78.

We hold that the uninsured motorist protection provided by the 1961 policy issued by Buckeye Union Insurance Company to the Prices applies where, as here, the tortfeasor's insurance company became insolvent subsequent to the accident. Therefore, the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN and W. BROWN, JJ., concur.

P. BROWN, J., dissents.