Nat H. Hentel, J.
This matter was submitted to the court for decision upon stipulated facts. After plaintiff’s contract with defendants was in full force and effect, the Superintendent of Insurance of the State of New York authorized defendants to amend all then existing contracts of insurance effective September 1, 1974, to permit defendants to exclude benefits where so-called "no-fault” benefits were otherwise payable to the plaintiff insured. Prior to September 1, 1974, defendants’ policies did not contain any exclusion of benefits where an insured also would be entitled to collect "no-fault” benefits. The contract in issue herein provides that defendants may amend it upon "at least 30 days prior written notice to the contract holder if the amendment is approved by the Superintendent of Insurance.” (Emphasis supplied.) Notice shall be sufficient "when mailed to the contract holder either at his address as it appears on the [defendants’] records or in care of the remitting agent,” if any, at the latter’s address as it appears on the records of the defendants. (Emphasis supplied.)
At issue is whether defendants gave proper notice to plain *1002 tiff of the excluded benefits. Plaintiff never received written notice as specified, and defendants concede that no notice was ever mailed directly to plaintiff. Defendants claim, however, that appropriate notice was "sent” addressed to the claimed remitting agent. Nothing in the stipulation states that the notice was "mailed” to the said remitting agent as required by defendants’ contract (articles 8 D(a) and 10). Exhibit B annexed to the stipulation of facts herein merely is a printed form "Rider to Contracts” undistinguished by any addressee’s name or agent’s address, mailing certificate or affidavit, or any other indicia indicating defendants’ records of efforts to mail such notice either to plaintiff or to him "care of’ his alleged remitting agent.
Of course, defendants’ insurance contract must be construed strictly against its makers, the defendants. (See Matter of Vanguard Ins. Co. [Polchlopek], 18 NY2d 376.) The fact that plaintiff was paid "no-fault” benefits, since the automobile accident involving him is concerned, is of no moment in deciding this matter. It is apparent that the stipulated facts clearly show that defendants failed to give appropriate contractual notice to plaintiff of the crucial exclusionary amendment claimed. Defendants admit that they did not mail written notice to plaintiff at his recorded address, or to plaintiff in care of his remitting agent. Therefore, the alleged notice merely "sent” to the remitting agent, in the absence of any other positive proof of mailing failed to amend plaintiff’s contract. Thus, plaintiff is entitled to a judgment against defendants in the stipulated sum of $1,573.45.
In support of this court’s determination, I quote with approval my colleague Judge Vincent F. Naro's language in McMullen v Blue Cross, Blue Shield (Special Term, Part I, Queens County Div, Civil Court, Index No. 24383/75). In discussing "article 10” of a similar contract in that matter, Judge Naro said: "It would be, indeed, stretching the terms expressed in the policy for the court to find that notice to the remitting agent is to be construed as notice to the contract holder under these provisions.” Further, this court cites Judge Max H. Galfunt's decision in People v Emmanuel (82 Misc 2d 298) involving the sufficiency of notice under section 511 of the Vehicle and Traffic Law, suspending a motorist’s operator’s license. Judge Galfunt held (p 304) that "It is apparent that due process of law requires more formality and accuracy in the disposition of such an important privilege and right of a *1003 citizen”. What Judges Galfunt and Naro and this court are saying is that effective notice — notice in fact — must be made and proved by the party asserting proper notice before any court will deprive an individual entitled to appropriate notice of any important property right he otherwise would be entitled to have.
Here, as in the People v Emmanuel case, there is no proof that the required notice of amendment of contract (or suspension of license) had actually been mailed to plaintiff. Without such proof, an effective cancellation of contract benefits is impossible.