GARY R. FORREST & others vs. HARTFORD ACCIDENT AND
INDEMNITY CO.

Worcester. December 4, 1974. — March 5, 1975.

Present: TAURO, C.J., REARDON, BRAUCHER, KAPLAN, & WILKINS, JJ.

*Insurance,* Construction of policy, Protection against uninsured
motorists.

Where a guest riding in an automobile sustained injuries as the result
of an accident involving only that automobile and obtained a
judgment against the owner and operator thereof, but the insur-
ance policy covering the automobile did not include guest cover-
age, a decree in favor of the guest against the insurer in a suit to
reach and apply "Coverage U" on the theory that it applied to
passengers injured in an automobile for which there is no guest
coverage, was reversed and the bill ordered dismissed since the
policy excluded the "insured automobile" from the definition of
"uninsured automobile" to which "Coverage U" applied. [106-
108]

BILL IN EQUITY filed in the Superior Court on August 3,
1971.

The suit was heard by *Chmielinski, J.*

After review was sought in the Appeals Court, the
Supreme Judicial Court, on its own initiative, ordered
direct appellate review.

*Richard P. Kelleher* for the defendant.

*Kendall Burford (Alfonse P. San Clemente* with him)
for the plaintiffs.

REARDON, J. This is an appeal from a decree in favor
of the plaintiffs' bill to reach and apply "Coverage U"
protection provided by the defendant insurance company
in a policy issued to one Bruce D. Bradley. Bradley was
the owner and operator of a motor vehicle in which the
minor plaintiffs, Gary R. Forrest and Martin McNamara,
riding as guests, sustained injuries as a result of a one car
accident. In a suit against Bradley alleging gross negli-

gence, the plaintiffs recovered judgments. The insurance company refused to pay the judgments on the ground that Bradley's policy did not include coverage for guest occupants, which is optional under G. L. c. 175, § 113C. This suit was then brought on the theory that the uninsured motor vehicle coverage in the policy (now mandatory under G. L. c. 175, § 113L) applies to passengers injured in an automobile for which there is no guest coverage.

Under "Coverage U" of the policy, an uninsured automobile is defined as "an automobile with respect to the ownership, maintenance and use of which there is no bodily injury liability bond or insurance policy applicable at the time of the accident with respect to any person or organization legally responsible for the use of such automobile . . .." The policy further states that "'uninsured automobile' shall not include: (i) an automobile defined herein as an 'insured automobile,'" and "insured automobile" is defined to include an automobile "with respect to which a specific coverage U premium has been charged under this policy." There is no question that a "Coverage U" premium was charged under the policy issued by the defendant with respect to Bradley's automobile. Accordingly, that automobile falls under the definition of "insured automobile" and perforce is excluded from the definition of "uninsured automobile." There is no ambiguity in these definitions.

The plaintiffs rely on *Whitney* v. *American Fid. Co.* 350 Mass. 542 (1966), in which this court interpreted a policy containing essentially the same general definition of "uninsured automobile" and concluded that an automobile carrying some liability insurance but no guest coverage was an uninsured automobile with respect to the injured plaintiff, who was a guest at the time of the accident. However, in the *Whitney* case the plaintiff sued under a policy issued to her father (which covered her), not under the policy issued to the owner of the automobile in which she was injured. The general language

defining "uninsured automobile" in her father's policy was qualified by a specific exclusion for an "insured automobile" as in the policy in this case but the court had no occasion to consider that exclusion since it had no application to the facts presented. Thus, the *Whitney* case is not authority for recovery under the policy issued with respect to the automobile involved in this single car accident.

We do not agree with the plaintiffs' contention that permitting the insurer to deny recovery under "Coverage U" in these circumstances is contrary to the legislative intent as interpreted in the decision to make uninsured motor vehicle coverage mandatory. Were we to adopt the plaintiffs' theory an insurer would be liable for injuries to guests in an automobile with respect to which there was no guest coverage even though the statute makes guest coverage optional according to whether the insured chooses to purchase it. It follows that the plaintiffs' bill should have been dismissed, and that the decree of the Superior Court must be reversed.

*So ordered.*