## Cincinnati Casualty Co. v. Rickard
*[Cite as 7 AOA 137]*

*Case No. CA-726*
*Morrow County, (5th)*
*Decided October 25, 1990*

*Thomas A. Dillon, Lane, Alton & Horst, 175 S. Third Street, Columbus, Ohio 43215, for Plaintiff-Appellant.*

*Dennis McCarthy, 580 S. High Street, Columbus, Ohio 43215 and Wayne Hohenberger, 24 West Third Street, Mansfield, Ohio 44902, for Defendant-Appellee.*

HOFFMAN, J.

This is an appeal arises out of a traffic accident which took place on January 11, 1988 on County Road 59 in Morrow County.

One Cynthia L. Rickard, a defendant-appellee herein, was driving a car which collided with another vehicle driven by Debora A. McKitrick. As a result of the collision, Debora McKitrick and her son, Scott, both lost their lives and a second son, Christopher, suffered bodily injuries.

The automobile driven by appellee was owned by one Marvin D. McCleary, who permitted Rickard to drive the car that day. The subject car was insured with Cincinnati Casualty Company (CCC) under a policy requiring CCC to provide coverage for "damages for bodily injury . . for which any covered person becomes legally responsible because of an auto accident. " The policy also required CCC to provide a defense for any claim or lawsuit demanding damages in this regard.

Subsequently, the administrators of the respective estates filed a wrongful death/personal injury action in the Court of Common Pleas of Coshocton County against Rickard and McCleary. Subsequently, CCC filed a complaint seeking declaratory judgment in the trial court. The declaratory judgment action came on for hearing on March 10, 1989 and on January 30, 1990, the court rendered and filed a judgment entry determining that Ms. Rickard was a "covered person" under the terms of McCleary's insurance policy with CCC. A copy of said entry is attached to our memorandum opinion and made a part thereof.

Also contained in the subject policy is the following exclusion:

"We do not provide liability coverage for any person;
"...
"8. *Using a vehicle without a reasonable belief that that person is entitled to do so.*"
Exclusion (A) (8) (Emphasis added).

The record demonstrates that on the day of the accident, Rickard was on her way to work at the Pit Stop Lounge in Galion, Ohio. It is undisputed that her operator's license was under suspension at that time because she had been cited for driving while under a prior suspension. Her first suspension arose from a DWI conviction.

Appellant CCC raises the following sole assignment of error:

"Assignment of Error I.
"THE TRIAL COURT ERRED IN FINDING THAT CINCINNATI CASUALTY COMPANY HAS A DUTY UNDER A POLICY OF INSURANCE ISSUED TO MARVIN D. McCLEARY TO DEFEND CYNTHIA L. RICKARD AND TO PAY, UP TO THE LIMITS OF SAID POLICY, ANY DAMAGES WHICH MIGHT BE' AWARDED AGAINST RICKARD AS A RESULT OF THE NEGLIGENT OPERATION OF A VEHICLE OWNED BY McCLEARY."

At the threshold we note that that driver Rickard falls under the subject policy's "omnibus clause" as follows:

"Covered person as used in this part means:
"1. You or any family member . .
"2. Any person using your covered auto
"(Policy at Page 2)." (Emphasis added).

The sole question presented herein is whether driver Rickard should be excluded from CCC's coverage by virtue of Paragraph (A) (8) cited *supra*: "Using a vehicle without a reasonable belief that that person is entitled to do so."

It is undisputed that Rickard's driving license was suspended for all purposes when she received permission to operate the car. Rickard admitted at trial that she deceived McCleary on this score and McCleary subsequently testified that if he had known that Rickard was a "disabled" driver, he would not have let her operate his vehicle. (T. at 43). Notwithstanding that Rickard procured the use of the car through deceit, our focus in the case *sub judice* must remain on whether Rickard possessed the subjective, reasonable belief that she was entitled to drive McCleary's automobile, *pursuant to the exclusionary language selected by CCC for the policy in question.*

Our construction of this exclusion is guided and controlled by the following Ohio Supreme Court holdings:

"Language in a contract of insurance reasonable susceptible of more than one meaning will be construed liberally in favor of the insured and strictly against the insurer." (*Union Ins. Co. v. Price* (1974), 39 Ohio St.2d 95; 68 O.O. 2d 56, 313 N.E.2d 844, approved and followed). *Faraque v. Provident Life & Acc. Ins. Co.* (1987), 31 Ohio St.3d 34, Syllabus.

Also applicable is:
"Where, however, it may reasonably be concluded that the language of a policy is ambiguous and may therefore be subject to different interpretations, a universally applied axiom of construction becomes appropriate to resolve the

ambiguity. As stated in *Butche v. Ohio Cas. Ins. Co.* (1962), 174 Ohio St. 144, 146:

"*** (P)olicies of insurance, which are in language selected by the insurer and which are reasonably open to different interpretations, will be construed most favorably for the insured. *Home Indemnity Co. v. Village of Plymouth* (1945), 146 Ohio St. 96, 64 N.E. 2d 248." See, also *Buckeye Union Ins. Co. v. Price* (1974), 39 Ohio St.2d 95; *Financial Corp. v. Fireman's Fund Ins. Co.* (1968), 15 Ohio St.2d 171, 173; 44 Corpus Juris Secundum 1166, Insurance, Section 297(C). See generally, 1 Couch on insurance 2d 776, Section 15:73; 30 Ohio Jurisprudence 2d 225, Insurance, Section 215." *Gomolka v. State Auto. Mut. Ins. Co.* (1982), 70 Ohio St. 2d 166, 168.

As pointed out by appellee, the exclusionary language is ambiguous to the extent that differing interpretations arise when "reasonable belief" is construed. We agree with appellee's analysts that the "test" herein is not whether Rickard believed she was *licensed* to drive that day, but whether she reasonably believed that she was *authorized* to drive the car, notwithstanding the means of obtaining the authorization.

We readily admit that this "end justifies the means" conclusion appears anomalous. However, we return to the inescapable fact that if CCC (or any insurance company) elects to include language forbidding its insured parties from allowing "disabled" (license suspended) drivers to use covered vehicles, then it is the drafter's prerogative to do so, and in plain language.

By confining itself to an interpretation of the subject exclusion, as this court does, trial court's determination that "Rickard was using the McCleary vehicle with a reasonable belief that she was entitled to do so" will not be reversed (Judgment Entry at 1, Paragraph 2). As stated by appellee:

"It would be reasonable for her (Rickard) to think she was entitled to use the particular automobile owned by Mr. McCleary, subject to whatever penalty the law might impose if she was discovered to be driving under suspension." (Appellee's brief at 8).

The Court of Appeals for Franklin County arrived at an identical conclusion when reversing a trial court's declaratory judgment in a "permissive use" decision. Construing the same exclu-sionary language as in the case *sub judice* ("We will not cover ... 4. Anyone using a vehicle without a reasonable belief that the person is entitled to do so."), the 10th District Court of Appeals opined:

"Even if plaintiff were without express or implied permission to use the truck at the time of the accident, coverage would still be afforded under the uninsured motorist portion unless it is proved that plaintiff did not have a reasonable belief that she was entitled to use the vehicle at that time."

*Bowen v. Price*, Sept. 20, 1984, Franklin App. No. 83-AP-541 Franklin Co., unreported, at page 8.

Appellant's sole assignment of error is overruled. Having found the absence of irregularity in the trial court's declaration that CCC must afford coverage and defend under its policy, the judgment of the Court of Common Pleas of Morrow County is affirmed.

MILLIGAN, P.J., and GWIN, J., concur.