*329 Pfeifer, J.,
dissenting.
{¶ 28} Kincaid allegedly caused an injury in an automobile accident and was sued. Kincaid assisted Erie in defending him, and, in so doing, he allegedly incurred expenses and missed time at work. The insurance policy that Kincaid had with Erie states:
{¶ 29} “We will make the following payments in addition to the limit of protection:
{¶ 30} “ * * *
{¶ 31} “5. reasonable expenses anyone we protect may incur at our request to help us investigate or defend a claim or suit. This includes up to $100 a day for actual loss of earnings.”
{¶ 32} Kincaid chose to seek payment for expenses by filing suit against Erie. Erie asserts and the majority opinion holds that Kincaid should have made a request to Erie, been denied, and then filed suit. It is difficult to understand why Kincaid must follow that course of action, because the policy does not require it; the policy is silent about how to seek reimbursement.
{¶ 33} As we have stated many times, “ ‘[w]here provisions of a contract of insurance are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured.’ ” (Emphasis added in Hacker.) Hacker v. Dickman (1996), 75 Ohio St.3d 118, 119, 661 N.E.2d 1005, quoting King v. Nationwide Ins. Co. (1988), 35 Ohio St.3d 208, 519 N.E.2d 1380, syllabus. See also Gomolka v. State Auto. Mut. Ins. Co. (1984), 15 Ohio St.3d 27, 29-30, 15 OBR 67, 472 N.E.2d 700; Buckeye Union Ins. Co. v. Price (1974), 39 Ohio St.2d 95, 68 O.O.2d 56, 313 N.E.2d 844, syllabus. Because there are no policy provisions indicating when or how Kincaid must make a request for payment, a liberal interpretation in favor of Kincaid would allow him to seek payment in the manner he prefers, whether directly or by a lawsuit.
{¶ 34} Furthermore, the issue before us is not whether Erie owes a payment to Kincaid or how Kincaid should seek reimbursement; the issue is whether Kincaid should have a chance to establish that Erie owes him payment for expenses. There is no way to reach that issue without examining the contested facts of this case. Accordingly, it is inappropriate to dismiss the case on the pleadings. Peterson v. Teodosio (1973), 34 Ohio St.2d 161, 175, 63 O.O.2d 262, 297 N.E.2d 113 (“The spirit of the Civil Rules is the resolution of cases upon their merits, not upon pleading deficiencies”). I would affirm the judgment of the court of appeals. I dissent.
*330 W. Craig Bashein and John Hurst; and Paul W. Flowers Co., L.P.A., and Paul W. Flowers, for appellee.
Weston Hurd, L.L.P., Shawn W. Maestle, and Ronald A. Rispo, for appellant.
Ulmer & Berne, L.L.P., Marvin L. Karp, Joseph A. Castrodale, and Brad A. Sobolewski, urging reversal for amici curiae Progressive Preferred Insurance Company, Progressive Direct Insurance Company, Progressive Casualty Insurance Company, and Progressive Specialty Insurance Company.
Carpenter, Lipps & Leland, L.L.P., Michael H. Carpenter, and Katheryn M. Lloyd, urging reversal for amici curiae Nationwide Property and Casualty Insurance Company, Nationwide Mutual Fire Insurance Company, Nationwide *331 Mutual Insurance Company, Nationwide Insurance Company of America, Nationwide Assurance Company, and Nationwide General Insurance Company.