Altice, Judge, concurring in result. I concur with the decision to affirm the trial court’s judgment denying IIGA’s motion to dismiss, but I write separately because my reasoning differs somewhat from that of the majority. “It is well settled that where there is ambiguity, insurance policies are to be construed strictly against the insurer and the policy language is viewed from the standpoint of the insured.” State Auto. Mut. Ins. Co. v. Flexdar, Inc., 964 N.E.2d 845, 848 (Ind. 2012) (quoting Allstate Ins. Co. v. Dana Corp., 759 N.E.2d 1049, 1056 (Ind. 2001)). I would find the language of the Affirmative policy’s definition of “uninsured automobile” to be ambiguous with respect to whether it includes an automobile that was insured at .the time of the accident, but coverage was subsequently disclaimed due to the tortfeasor’s breach of his or her insurance contract. Although the Indiana appellate courts have not addressed this question before, in Vanguard Ins. Co. v. Polchlopek, 18 N.Y.2d 376, 275 N.Y.S.2d 515, 222 N.E.2d 383, 384-386 (1966), the New York Court of Appeals found materially identical policy language to be ambiguous under the same circumstances presented here. Specifically,' the court found that the phrase “applicable at the time of the accident” required construction when an insurance company had disclaimed liability subsequent to the accident. Id., 275 N.Y.S.2d 515, 222 N.E.2d at 386. The court reasoned that the phrase should be construed in light of the purpose of the clause in which it was found, which was undoubtedly to protect motorists against damages inflicted by a financially irresponsible party. The court held that, “[b]earing that purpose in mind, it does not seem unreasonable to hold that an insurance policy which is disclaimed subsequent to an accident is not a policy applicable at the time of the accident.” Id. After all, the court reasoned,' the tortfeasor was just as financially irresponsible as a result of his insurer’s disclaimer of coverage as he would have been if he had never obtained coverage in the first place. The court noted further that the policy did not contain an exclusion for vehicles upon which there had been a disclaimer of coverage, and “[i]f it was the insurer’s intent to exclude from the definition of an uninsured auto those autos upon which a disclaimer of coverage is made subsequent' to an accident, this intent should have been explicitly written into the exclusionary clause of the policy which negatively defined an uninsured auto[J” Id. ■ ■ Although it is true that not every court considering the issue before us has reached the same result, see, e.g., Dreher v. Aetna Cas. & Sur. Co., 83 Ill.App.2d 141, 226 N.E.2d 287, 288-89 (1967) (finding a materially identical definition of “uninsured automobile” to unambiguously exclude automobiles for which coverage is subsequently denied due to the insured’s refusal to cooperate or the insurer’s insolvency), I find the reasoning of Vanguard persuasive and fully applicable to the case before us. I would find the Affirmative policy’s definition of “uninsured automobile” to be ambiguous, and consequently construe it in Smith’s favor. Because I believe the policy provides coverage in this situation, I find it unnecessary to consider whether such coverage is mandated by statute.