## KEUHN v STATE
## KEUHN v TOLEDO (City)

Ohio Appeals, 6th Dist, Lucas Co

Decided Nov 3, 1930

Powell & Starritt, Toledo, for Keuhn.

Gerald P. Openlander and Donald De-Muth, both of Toledo, for State and City.

RICHARDS, J.

Mrs. Keuhn was driving westerly on Walnut Street and Mrs. Erch was walking north on the west side of Ontario Street and had started across Walnut Street. When she had reached a point about 10 feet from the southerly curb of Walnut Street she was struck by the car operated by Mrs. Keuhn. A car operated by Lawrence Spaeth was travelling south on Ontario Street at the same time. The Spaeth car, when it reached Walnut Street, turned sharply to the west, close to the curb, leaving ample room for Mrs. Keuhn to drive between Mrs. Erch and the Spaeth car, if her own car had been under control. It is claimed by the state and by the city that Mrs. Kuehn did not make a safety stop as she reached Ontario Street, although she was familiar with the streets in that portion of the city and was aware that such stop was required. While the evidence is in conflict as to whether she did make a safety stop, several disinterested witnesses testify that she did not make such stop, and a finding that she failed to make the stop is clearly sustained by sufficient evidence. The paving on Ontario Street at that point is about 30 feet in width, and if Mrs. Keuhn had made the safety stop, it is difficult to see how her car could have been going with sufficient speed to prevent her stopping before she struck Mrs. Erch and crashed into the tree. The charge in one case is assault and battery, but that may be committed as well by striking another unlawfully with an automobile as with a club. A finding of guilty in each case is sustained by sufficient evidence.

Mrs. Erch, as a pedestrian crossing a street, seems to have exercised the ordinary

care of a person travelling on foot across a city street. Notwithstanding the speed at which traffic is accustomed to move on city streets, travellers on foot still have some rights. If a pedestrian enters a street crossing exercising ordinary care he has the right to continue to cross, exercising such care, and is not obliged to run or jump or dodge, although with the instinct of self-preservation, it is often done. The relative rights of a pedestrian and a vehicle at a street crossing are clearly set forth in **Cincinnati St. Railway Co. vs. Snell, 54 Oh St, 197, 205,** in which the court uses the following language:

> "Life and limb are of more consequence than quick transit. The vehicle must not run down the pedestrian. The opposite doctrine appears to have found lodgment in many minds, and there seems a disposition to assume that a foot passenger has no right upon a public street as against a street car. Indeed, common observation seems to show that this belief controls the conduct of drivers of many vehicles, public and private. Too often there is a reckless disregard of human life and limb, and pedestrians are compelled, at their peril, to keep out of the way. As a matter of law, it is as much the duty of the vehicle to keep out of the way of the footman, and especially so at crossings, as it is for the latter to escape being run over, giving due consideration to the greater difficulty of guiding and arresting the progress of the vehicle."

Although that was a case involving a street car, the principle would be just the same as to an automobile.

The case of **State of Ohio vs. Schaeffer, 96 Oh St, 215,** was a case in which the driver of an automobile was convicted of manslaughter for running over a child, and this conviction was sustained by the Supreme Court. In the course of the opinion, on page 233, the court uses the following language:

> "The daily press is full of hairbreadth escapes and casualties, from slight injuries on the one hand to instant death on the other. It may well be said, 'that the railroad locomotive has killed its hundreds, but the automobile is killing its thousands.'"

We are in full accord with what the court said in the last case cited, in speaking of the statute:

> "The careful, conservative driver need have no fear. The reckless, wanton speed maniac needs to be kept in fear."

Finding no error, the judgments are affirmed.

Williams and Lloyd, JJ, concur.