## DeLISA v SCOTT

Ohio Appeals, 9th Dist, Summit Co

No 2241.   Decided March 7, 1934

Loyd R. Read, Akron, for plaintiff in error.

Romweber & Romweber, Akron, for defendant in error.

## OPINION

By WASHBURN, P.J.

With the issues such as have been stated, and the evidence as indicated, the trial judge, after defining assault and battery, charged the jury as follows:

"Assault and battery is, normally, an intentional act; that is, a specific intent to commit violence to the person of another is present. Such specific intent, however, need not be present in all cases, but the intent to commit an assault and battery may be supplied by the intent of a person to violate the law, and where the act which is the violation of the law does injury to the person of another."

And after telling the jury that—

"One who intentionally violates the Ohio statute prohibiting the driving of an automobile beyond certain speed on the streets of a municipality, and in so doing runs into, strikes and injures a person rightfully passing upon or across the street, commits an

assault and battery notwithstanding the injury was unintentionally inflicted, and if you find by a preponderance of the evidence in this case that the defendant did intend to drive his automobile at a rate of speed which is prohibited by the Ohio statute and did drive his automobile at a rate of speed which is prohibited by the Ohio statute and struck and injured the plaintiff, and if you find that the plaintiff was rightfully passing upon or across the street, then it is your duty to find for the plaintiff"—

the trial judge read to the jury §12603, GC, which provides that it shall be prima facie unlawful to drive an automobile at a speed greater than 20 miles an hour in the part of the municipality where the collision in this case occurred; but the court did not explain to the jury that such speed was only prima facie unlawful and that it was for the jury, after taking into consideration the traffic, surface and width of said highway, and any other conditions then existing, to determine whether, under the conditions then existing, defendant's automobile was being operated unlawfully.

Defendant's automobile was being operated about 1 o'clock in the morning, when there was very little, if any, traffic, either vehicular or pedestrian, upon the street or in the vicinity of the place where the collision occurred, and there is no credible evidence in the record that the car was being driven faster than "between 20 and 25 miles an hour."

Under such circumstances, the trial judge having read such complicated statute to the jury, it was his duty, whether requested to do so or not, to tell the jury that speed was only one of the elements to be considered in determining whether said automobile was operated in an unlawful manner, and to explain fully to the jury the provisions of said statute; and his failure to do so was not a mere act of omission, and under the record in this case was clearly prejudicial.

The trial judge also read to the jury §12603-1, GC, as follows:

"Whoever operates a motor vehicle on the public roads or highways without due regard for the safety and rights of pedestrians and drivers and occupants of all other vehicles, and so as to endanger the life, limb or property of **any persons while in the lawful use of the roads or highways** shall be deemed guilty of a misdemeanor and upon conviction thereof shall be fined as hereinafter provided."

It is evident that said section had no application in this case unless the plaintiff, in crossing said street, was in the lawful use thereof, and the court failed to call to the jurors' attention §6310-34, GC, which, when taken in connection with §6310-37, GC, made it unlawful for the plaintiff to cross said street between intersections, and his own testimony established that he violated said section.

If the trial judge was justified in reading to the jury §12603-1, GC, and in instructing the jury to determine whether or not the defendant violated said section, it was his duty, whether requested to do so or not, to charge the jury in reference to said other section relating to the question of whether or not the plaintiff was in the lawful use of the street at the time of said collision; and again such error was not one of mere omission and was necessarily prejudicial.

But we are of the opinion that, in view of the character of the suit brought by the plaintiff and his admitted violation of §6310-34, GC, it would have been proper for the court to omit any reference to either section.

There is another question involved in this case which has been argued, and that is, whether or not the facts in this case were such as to permit a recovery under the pleadings in the case.

We recognize that in many states the negligence of a motorist may be so reckless and wanton and in such utter disregard of the rights of others, as to denote a malicious intention to injure and thus render unlawful a battery by striking a person with such automobile; but in the case at bar there is no evidence of negligence of a wanton or gross character which tends to indicate an intention to injure the plaintiff or anyone else.

Whatever the law may be in other jurisdictions, it is settled in Ohio that there is no assault and battery, in either a civil or criminal sense, where there is no intention of doing an injury, unless the party doing the injury is at the time violating a statute of the state (**Fishwick v State, 10 N.P. (N.S.) 110,** affirmed in **14 C.C. (N.S.) 368**), or is violating an ordinance (**Keuhn v City of Toledo, 37 Oh Ap 217**) **(9 Abs 303).**

It is true that, as a general rule, if there is a violation of such a statute, the law implies not only an intention to violate the statute but an intention to do the injury which directly results from such vio-

lation. But where the injury arises merely from a want of due care and there is no intention to injure or wrong anyone, and the act is wrongful only because it is negligently done, and there is no violation of a statute, there is no assault and battery, and hence the injured party cannot recover damages in a simple action for assault and battery in which the party doing the act may be deprived of his right to have considered whether the negligence of the injured party proximately contributed to his injury.

In the case at bar, as has been said, there is no basis whatever for a claim that the defendant actually intended to injure plaintiff, or that he acted so wantonly as to suggest an intention to injure, and a careful consideration of the record leads us to the conclusion that there is no credible evidence of a violation of a statute of the state by the defendant, and therefore there was no assault and battery; and, in the form of action adopted in this case, there being no right to recover unless there was an assault and battery, the court should have rendered a judgment in favor of the defendant, as the court was asked to do during the trial.

But if it can be said that there is credible evidence of a violation of a state statute by the defendant, the record also shows conclusively that the plaintiff was himself violating a state statute in crossing the street between intersections (§6310-34, GC), for which violation the plaintiff was subject to a fine (§6310-37, GC); and such violation continued and was contemporaneous with defendant's violation of a statute and was a proximate cause of what happened.

If, as above stated, we assume that there is credible evidence of the violation of a state statute by the defendant, we nevertheless have, by the great weight of the credible evidence, this situation presented: the defendant and the plaintiff were each approaching a certain point in the street in a manner which violated the statutes of the state, and when they met at said point, the injury occurred. How can it be said, so far as liability in a civil action for damages is concerned, that either committed an assault and battery on the other?

There was no actual intent to injure, as in the case of a fight by consent; the injury was in fact accidental; and while, in a criminal action to punish an offense against the state, the law may properly imply an intention to injure from an intentional violation of a speed law, it is a positive injustice to hold, in an action for damages, that because of the form in which such action is brought, such implied intention is conclusive on the question of intention to injure, as was charged in this case, when all the evidence, including that of plaintiff, establishes that there was no such intention and that in fact the injury was accidental.

The plaintiff, by bringing his action in the usual and proper form, could have had the full benefit of any implication of negligence on the part of the defendant that would arise if the defendant had violated the speed law, but it is inconceivable that the law will permit the plaintiff, by the form in which he brings his action, to have such benefit and at the same time prevent the defendant from having the benefit of the defense of contributory negligence of the plaintiff which arises by reason of his violation of the statutes of the state, as shown by the evidence and admitted by him.

But in disposing of the question as to whether final judgment should be rendered in favor of the defendant in this case, it is only necessary to repeat, by way of recapitulation, that, while the policeman estimated the speed of defendant's automobile at "between 20 and 25 miles an hour," there is no credible evidence that the speed was greater than that, and under the circumstances shown, taking into account the place where the accident happened, the width of the road, the time of night, and the absence of traffic and of persons on the street or in the vicinity and all of the conditions then existing, a finding other than that the automobile was being driven lawfully would be a conclusion contrary to that which reasonable minds could reasonably come to; and there being no unlawful act, an intention to injure the plaintiff does not arise by implication, and there being no evidence whatever of an actual intention, there is no proof of an unlawful assault and battery, and therefore plaintiff failed completely to offer evidence tending to prove the very basis of his claim as set forth in his petition.

The judgment against the defendant is contrary to law and should have been in his favor.

For the errors pointed out, the judgment is reversed, and final judgment is entered for the defendant.

FUNK and STEVENS, JJ, concur in judgment.