RIVERSIDE INSURANCE COMPANY, APPELLEE, *v.* WILAND ET AL., APPELLANTS.

(Nos. 1379 and 1384—Decided April 30, 1984.)

Mr. Robert F. Orth, for appellee.
Mr. H. W. Kane, for appellant Dexter Wiland.
Mr. Benito C. R. Antognoli and Mr. Charles E. Zumkehr, for appellant James C. Rankin.

FORD, J. This is a joint appeal from a declaratory judgment of the Portage County Court of Common Pleas. The defendants-appellants are Dexter Wiland and James C. Rankin. The plaintiff-appellee is Riverside Insurance Company, personal liability insurer of appellants.

The appellants, along with Donald Bentley and Robert Petry, were named as defendants in an action brought by the Donald Montgomery family. The gist of the complaint alleged that:

"2. * * * defendants, acting jointly and in concert, while armed with a baseball bat, wilfully, intentionally and maliciously, without provocation, in vigilante fashion, trespassed into plaintiffs' residence.

"3. As a proximate result of such conduct, the plaintiffs incurred mental and emotional distress and anguish, and were intimidated and put in fear of their personal safety."

Appellants and defendant Petry were each insured by appellee for personal injury liability. Coverage "E" of the policies stated that:

"If a claim is made or a suit is brought against any insured for damages because of bodily injury, personal injury, or property damage to which this coverage applies, we will:

"a.) pay up to our limit of liability for the damages for which the insured is legally liable;

"b.) provide a defense at our expense * * *."

Coverage "F" stated that the appellee-insurer would pay the medical expenses resulting from accidental bodily injury caused by the insured. An exclusion clause stated that:

"1. Coverage E — Personal Liability and Coverage F — Medical Payments to Others do not apply to bodily injury, personal injury or property damage:

"a.) which is expected or intended by the insured."

Appellee brought the instant case against the appellants and defendant Petry seeking a declaratory judgment that would relieve it of its duty to defend in case No. 82 CV 1209 in the Portage County Court of Common Pleas (the case *sub judice* began as case No. 82 CV 1610), and, relieve it of any liability under the insurance contract. The court granted the appellee complete relief; only Wiland and Rankin appeal.

Appellant Rankin presents one assignment of error:

"The trial court erred in granting plaintiff-appellee's declaratory judgment and finding that the policy of insurance excludes coverage against the claims made against the defendant-appellant in Case No. 82 CV 1209."

Additionally, in his brief, appellant Rankin presents the argument that:

"An insurer's obligation to defend is broader than its duty to indemnify since the insurer is obligated to defend where there is a possibility, no matter how remote, of coverage as to any action which may be sustained by the complaint."

Appellant Wiland presents one assignment of error:

"The trial court erred to the prejudice of defendant-appellant, Dexter Wiland, in declaring that the plaintiff-appellee's broad coverage homeowner's insurance policy issued to appellant herein excludes coverage for the claims asserted against appellant in the *Montgomery* action, and further that the appellee is not under a duty or obligation under the terms of said policy to defendant-appellant in the prosecuting of the *Montgomery* action."

The appellants' assignments of error are well-taken.

The Ohio Supreme Court has recently addressed itself to this issue:

"* * * [w]here the insurer's duty to defend is not apparent from the pleadings in the case against the insured, but the allegations do state a claim which is potentially or arguably within the policy coverage, or there is some doubt as to whether a theory of recovery within the policy coverage had been pleaded, the insurer must accept the defense of the claim. Thus, the 'scope of the allegations' may encompass matters well outside the four corners of the pleadings." *Willoughby Hills*

v. *Cincinnati Ins. Co.* (1984), 9 Ohio St. 3d 177, 180.

Thus, in the instant case, the allegations contained in the complaint filed in case No. 82 CV 1209 must be examined in accordance with the above holding.

An initial question is whether the exclusionary clause contained in the insurance contract applies to intentional and expected acts of the insured or intentional and expected injuries caused by the insured. It is a general rule that contracts of insurance are to be strictly construed against the insurer, especially when an exclusionary clause is at issue. *American Financial Corp.* v. *Fireman's Fund Ins. Co.* (1968), 15 Ohio St. 2d 171, 173 [44 O.O. 147]; *Home Indemn. Co.* v. *Plymouth* (1945), 146 Ohio St. 96 [32 O.O. 30]. Here, the policy states that:

"1. Coverage E — Personal Liability and Coverage F — Medical Payments to Others do not apply to bodily *injury*, personal *injury* or property damage:

"a.) which is expected or intended by the insured." (Emphasis added.)

Reading the clause strictly, it must be read to exclude only expected or intended injuries, instead of expected intentional acts, because there is no reference made to the insured's acts. Accord *Cincinnati Ins. Co.* v. *Mosley* (1974), 41 Ohio App. 2d 113 [70 O.O.2d 127]; *Auster* v. *Buckley* (App. 1980), 18 O.O.3d 123. Moreover, in a certain sense, all acts are intentional. A test based upon the actions of the insured would be unwieldy, leading to extended collateral litigation that reliance on the face of the complaint is meant to avoid. See *Messersmith* v. *American Fid. Co.* (1921), 232 N.Y. 161, 133 N.E. 432, Cardozo, J.; *State Farm Fire & Cas. Co.* v. *Pildner* (1974), 40 Ohio St.2d 101, 104-105 [69 O.O.2d 130], concurrence of O'Neill, C.J.; *Bloom-Rosenblum-Kline Co.* v. *Union Indemn. Co.* (1929), 121 Ohio St. 220, 226-227.

The issue now becomes whether the allegations contained in the plaintiffs' complaint show that the plaintiffs' *injuries* were "expected or intended by the insured." *Auster* v. *Buckley, supra,* is the only case directly on point. In *Auster,* the plaintiff alleged that the defendant-insured " 'assaulted and punched plaintiff * * * in the nose.' " *Id.* at 124. Although intent to threaten injury is a requisite element of an assault claim (see *De Lisa* v. *Scott* [1934], 47 Ohio App. 503, 510-511; *Williams* v. *Pressman* [App. 1953], 69 Ohio Law Abs. 470; *Jones* v. *Wittenberg University* [C.A. 6, 1976], 534 F.2d 1203; 6 Ohio Jurisprudence 3d [1978] 103, Assault — Civil Aspects, Section 5), the court held that the complaint did not relieve the insurer of its duty to defend the insured. *Auster* v. *Buckley, supra,* at 125. Since the intentional act of assault was implicitly included in the *Auster* complaint, the court's decision must have been based on the theory that the allegations were still too vague to show the insured's intent to injure.

The allegations in the instant case go beyond those of *Auster* v. *Buckley, supra,* but are still insufficient to show intent to injure. The complaint alleges that:

"* * * defendants, acting jointly and in concert, while armed with a baseball bat, wilfully, intentionally and maliciously, without provocation, in vigilante fashion, trespassed into plaintiffs' residence."

The words "wilfully, intentionally and maliciously" are sufficient allegations of the requisite scienter that was missing in *Auster* v. *Buckley, supra.* But, the allegations that the defendants acted "in concert," were "armed with a baseball bat," and acted in a "vigilante fashion" do nothing more than create an inference that the defendants intended to injure the plaintiffs. Concomitant with the principle that contracts of insurance are to be strictly construed, and the Supreme Court's ruling that the duty to defend may arise at a point

subsequent to the filing of a complaint, we hold that the decision of the trial court was in error and that the appellee-insurer must defend the appellants in case No. 82 CV 1209. *Willoughby Hills* v. *Cincinnati Ins. Co., supra.*

The trial court also declared that the appellee-insurer could not be liable to the appellants under the insurance contract. This declaration was error because an insurer's contractual liability to reimburse an insured's loss is separate from its duty to defend its insured. Even in cases where an insurer is not obligated to defend its insured, if the findings in the case show that the insured's loss is covered by the contract, the insurer is still liable to the insured. See *State Farm Fire & Cas. Co.* v. *Pildner, supra; Lessak* v. *Metropolitan Cas. Ins. Co.* (1958), 168 Ohio St. 153 [5 O.O.2d 442]; *Socony-Vacuum Oil Co.* v. *Continental Cas. Co.* (1945), 144 Ohio St. 382. Hence, in the instant case, if the outcome of case No. 82 CV 1209 is against the appellants and Petry, but the findings of the court are that the *injuries* were *other than expected or intended,* the appellee-insurer could still be liable to its insureds for the amount of their loss. The trial court's declaration that the appellee-insurer was not liable to the appellants under the contract was premature.

For these reasons, the decision of the trial court is reversed.

*Judgment reversed.*

COOK, P.J., and DAHLING, J., concur.