**RELIABLE SPRINGS COMPANY,**
**Plaintiff–Appellant,**

v.

**ST. PAUL FIRE & MARINE INSURANCE COMPANY, et al., Defendants–Appellees.**

No. 88–3254.

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 8, 1988.

Decided March 16, 1989.

John E. Martindale (argued), Kevin H. Young, Benesch, Friedlander, Coplan & Aronoff, Cleveland, Ohio, for Reliable Springs Co.

Julius R. Gerlack (argued), David B. Cathcart, Mansour, Gavin, Gerlack & Manos, Cleveland, Ohio, for St. Paul Fire & Marine Ins. Co., the St. Paul Mercury Ins. Co.

Before WELLFORD and BOGGS, Circuit Judges, and SIMPSON *, District Judge.

SIMPSON, District Judge.

This is an appeal from a declaratory judgment of the District Court that St. Paul Fire & Marine Insurance Company and St. Paul Mercury Insurance Company (collectively "St. Paul") have no duty to defend a policyholder, Reliable Springs Company ("Reliable"), in litigation brought by a former Reliable employee. We affirm.

## I

The former employee sued Reliable when she was not recalled or rehired after having been on indefinite layoff status for about eighteen months. Alleging to have been wrongfully discharged, she claimed:

1. Age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 623 (ADEA);

2. Discrimination in violation of Ohio Rev.Code Ann. § 4101.17;

3. Intentional and negligent infliction of emotional distress by reason of the conduct of Reliable personnel (a) in denying her recall to her former job and (b) in stating that no one over thirty-five years old would be hired. Both acts are alleged to constitute the above statutory violations of ADEA and the Ohio statute.

St. Paul, denying coverage for the claims, refused to defend Reliable. There is no dispute that, at the time, Reliable was insured under a Multicover Policy issued by

St. Paul containing, among other coverages, Comprehensive General Liability Protection ("CGL") and a General Liability Broadening Endorsement (the "Endorsement"). A declaratory action pursuant to 28 U.S.C. § 2201 and Fed.R.Civ.P. 57 resulted in a judgment by the District Court that neither the CGL nor the Endorsement afforded coverage for Reliable for the claims made against it, and hence that St. Paul owed no duty to defend its insured.

## II

The parties agree that Ohio law applies.

■ Insurance policies such as the one in question contain two separate obligations on the part of the insurer: to defend and to indemnify. The obligation to defend is broader than the duty to indemnify. The insured must be defended where there is any possibility of coverage. The duty to indemnify only arises when there is, in fact, coverage. See *Riverside Insurance Co. v. Wiland,* 16 Ohio App.3d 23, 474 N.E.2d 371 (1984).

■ While the mere possibility of coverage may trigger an obligation to defend, such obligation is not without limitation. Where a claim is the subject of a clear exclusion, there is no duty to defend.

■ Insurance contracts must be examined in their entirety to determine if there are any applicable exceptions to coverage. *Zanco, Inc. v. Michigan Mutual Insurance Co.,* 11 Ohio St.3d 114, 464 N.E.2d 513, 515 (1984). "The Court must adopt the construction of the insurance contract which most nearly corresponds with the intention of the parties as ascertained from the words employed by them in their plain, ordinary and usual meaning." *River Services Co. v. Hartford Accident & Indemnity Co.,* 449 F.Supp. 622, 626 (N.D.Ohio 1977), citing *Essex House v. St. Paul Fire & Marine Insurance Co.,* 404 F.Supp. 978 (S.D.Ohio 1975)). As noted in *Allen v.*

* The Honorable Charles R. Simpson III, United States District Court for the Western District of Kentucky, sitting by designation.

*Standard Oil Co.*, 2 Ohio St.3d 122, 124, 443 N.E.2d 497 (1982),

> It is not allowable to interpret what has no need of interpretation ... when a [writing] is worded in clear and precise terms; when its meaning is evident and tends to no absurd conclusion, there can be no reason for refusing to admit the meaning which ... [it] naturally presents.

(Citing *Lawler v. Burt*, 7 Ohio St. 340, 350 (1857)).

### III

Determination of the coverage available to Reliable requires reading the CGL form and the Endorsement together. The CGL form provides Reliable with liability coverage for bodily injury claims "resulting from an accidental event." No definition of the term "bodily injury" is provided, although the insuring agreement contains the following phrase:

> Bodily injuries resulting in sickness, disease or death, including damages for care and loss of services, are covered.

An accidental event is defined in the policy as something the insured "didn't expect or intend to happen."

The Broadening Endorsement adds coverage for certain personal injury claims committed in the course of the insured's business. The term "personal injury" includes both physical injury and "an invasion of someone's rights." The particular claims insured against are: false arrest, libel/slander, wrongful entry, and "claims made by anyone because of personal injury related to his or her employment or application for employment...."

The Endorsement, however, contains this restriction:

> ... personal injury doesn't include any offense related to discrimination or unfair employment practices....

■ Thus, while the Endorsement broadens the CGL coverage to protect the insured against certain types of claims which do not necessarily result from an accidental event, and which may include non-physical invasion of rights in addition to physical injury, the language is clear that claims relating to discrimination or unfair employment practices are not insured, whether they include claims for physical injury or invasion of rights.

The conclusion is inescapable that the claims against Reliable for discrimination based upon alleged violations of ADEA and Ohio Rev.Code Ann. § 4101.17 are specifically excluded from coverage.

■ The claim for negligent infliction of emotional distress requires additional analysis. The Endorsement adds coverage to the CGL policy by expanding the term "bodily injury" to include mental anguish, regardless if physical injury or illness takes place.

Reliable contends that the claim for negligently caused emotional distress is insured under the policy since this expansion of the term "bodily injury" brings the claim within the coverage of the CGL form, inasmuch as such claim would result from an "accidental event" as defined.

Acceptance of this argument, however, would require us to ignore the specific language in the Endorsement which excludes coverage for personal injuries related to discrimination and unfair employment practices. The "personal injury" coverage insured by the Endorsement is greater than the "bodily injury" coverage insured by the CGL form. The requirement of causation by an accidental event is removed. Non-physical injuries claimed for invasion of rights are added. While the coverage in the Endorsement is expanded, however, the exclusion contained in the Endorsement for discrimination or unfair employment practices claims is also concomitantly expanded in like fashion. Since the emotional distress claims rely upon the discrimination claims for their factual basis and incorporate them by reference, we have no difficulty determining that the emotional distress claims are "related to discrimination or unfair employment practices" claims.

Reliable suggests that "bodily injury" as used in the CGL form is different from "personal injury" as used in the Endorsement. It is argued that this distinction causes the negligent emotional distress

claims to be insurable under the CGL's coverage for bodily injuries, even in light of the Endorsement's exclusion for personal injuries related to discrimination or unfair employment practices.

It is obvious that the terms are different. Because the term "personal injury" includes both physical injury and invasion of rights, the Endorsement clearly enlarges the "bodily injury" insured by the CGL. Since we are required under Ohio law to give plain meaning to the terms in this policy, *Miller v. Marrocco,* 28 Ohio St.3d 438, 504 N.E.2d 67 (Ohio 1986), there can be no question that bodily injury as used in the CGL is identical to the physical injury aspect of "personal injury" as used in the Endorsement. To suggest otherwise would be to impute a strained meaning to the clear and unambiguous language. Such forced construction is impermissible. *Olmstead v. Lumbermans Mutual Insurance Co.,* 22 Ohio St.2d 212, 259 N.E.2d 123 (Ohio 1970).

Ohio courts have recognized that personal injury encompasses the subset of bodily or physical injury actions. *See Smith v. Buck,* 119 Ohio St. 101, 162 N.E. 382, 61 A.L.R. 1343 (Ohio 1928).

Therefore, we conclude that while the Endorsement may add mental anguish coverage to the CGL definition of bodily injury, the Endorsement also specifically excludes from coverage claims related to discrimination or unfair employment practices, whether resulting from physical or bodily injuries or invasion of rights.

Inasmuch as the claim for intentional infliction of emotional distress would not result from an event "not intended by the insured," there is clearly no coverage under either the CGL or the Endorsement.

The District Court correctly concluded that St. Paul was not obligated to defend because there is no claim against Reliable which is insured by the policies. The decision of the District Court is AFFIRMED.