MEMORANDUM DECISION AND JUDGMENT ENTRY.
Defendants-appellants Northland Insurance Company and Northfield Insurance Company ("Northland") appeal from the trial court's entry granting partial summary judgment for plaintiffs-appellees, the owners and operators of "Caddy's" bar ("Caddy's"), on their claims against Northland, their insurance carrier, for attorney fees and damages paid to an injured bar patron. Because the undisputed facts demonstrate that the patron's injuries resulted from an assault and battery perpetrated by a bar employee, the trial court erred in entering partial summary judgment against Northland, as its insurance policy excluded coverage for injuries "arising out of assault and battery."
In November 1991, William Gardner, a Caddy's employee, seriously injured patron Jay Fulwiler by shoving him face-first into the door of the bar. In the case numbered A-9111225, Fulwiler sued Gardner and Caddy's, alleging that Gardner, acting within the scope of his employment, and committed an intentional tort against Fulwiler that was ratified by Caddy's.
Pursuant to the insurance policy, Northland undertook the defense of the suit under a reservation of rights. In December 1992, however, Northland denied coverage and refused to defend because it had determined that the injuries claimed by Fulwiler arose out of the assault and battery. Paragraph two of Exclusion A of the insurance policy expressly denies coverage for damages "arising out of assault and battery." Caddy's retained counsel to defend the lawsuit.
The trial court granted Fulwiler's motion for a directed verdict after ruling that "Gardner maliciously and intentionally struck and injured" Fulwiler. On appeal, this court did not disturb the directed verdict, and held, inter alia, that instructions to the jury on the issue of punitive damages were warranted by the evidence that Caddy's had ratified Gardner's actions. See Fulwiler v. Schneider (1995), 104 Ohio App.3d 398,662 N.E.2d 82 (affirming in part and reversing in part).
Caddy's then sued Northland, seeking indemnification for the damages paid in the Fulwiler case, attorney fees, and damages for Northland's alleged bad-faith conduct. Both parties moved for partial or total summary judgment. The trial court, without elaboration, entered partial summary judgment for Caddy's on the indemnification and fee issues, and found that there was no just cause for delay of an appeal of its decision. See Civ.R. 54(B). The court also denied Northland's motion for summary judgment. As the trial court in its judgment entries did not address the bad-faith claim, and as the parties have not made that claim a subject of this appeal, we decline to address it.
In a single assignment of error, Northland contends that it had no duty to defend Caddy's because there was no genuine issue of material fact concerning whether the injury to Fulwiler arose out of an assault or battery. Caddy's contends that because the Fulwiler complaint also alleged negligent acts by Gardner and Caddy's, the claims did not fall within the assault-and-battery exclusion.
The function of summary judgment is to determine from the evidentiary material properly available for review if triable factual issues exist. Only after construing the facts most strongly in favor of the party opposing the motion, as required by Civ.R. 56(C), may the trial court enter summary judgment if it appears that reasonable minds can come to but one conclusion adverse to the party opposing the motion. Dresher v. Burt (1996),75 Ohio St.3d 280, 662 N.E.2d 264. Here, by moving for summary judgment, the parties have agreed that there are no genuine issues of material fact remaining to be resolved on the indemnification and fee issues. Summary judgment for either party may, therefore, be appropriate if it appears that reasonable minds can come to but one conclusion on the evidence contained in the record. SeeCincinnati v. Ohio Council 8 (1994), 93 Ohio App.3d 162,638 N.E.2d 94.
From the plain language of the exclusionary clause, Northland is not liable for injuries "arising out of assault and battery or out of any act or omission" resulting in an assault and battery. The exclusion also exempts the insurer from liability for the insured's alleged negligence, as long as the claimed injuries directly arose out of an assault and battery committed by the insured's employee. See Sphere Drake Ins. Co. v. Ross (1992),80 Ohio App.3d 506, 509-510, 609 N.E.2d 1284, 1286; see, also, Am.Justice Ins. Reciprocal v. Ohio Twp. Assoc. Risk Mgt. Auth.
(C.A.6, 1997), 121 F.3d 707. On the state of this record, the exclusion should have entitled Northland to summary judgment, and the trial court, therefore, erred in entering partial summary judgment for Caddy's. Northland's assignment of error is, accordingly, sustained.
The trial court's order granting Caddy's motion for partial summary judgment is reversed. This cause is remanded to the trial court to enter judgment in favor of Northland on the claims for indemnification and attorney fees, and to conduct any further proceedings on the remaining claim consistent with law and this Memorandum Decision and Judgment Entry.
And the Court, being of the opinion that there were reasonable grounds for this appeal, allows no penalty. It is further Ordered that costs be taxed in compliance with App. R. 24, that a copy of this Memorandum Decision and Judgment Entry shall constitute the mandate, and that said mandate shall be sent to the trial court for execution pursuant to App. R. 27.
Judgments reversed and cause remanded.
 Gorman, P.J., Painter and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.
To the Clerk:
Enter upon the Journal of the Court on September 17, 1999 per order of the Court _______________________________. Presiding Judge