JOURNAL ENTRY AND OPINION
Plaintiff-appellant Bob Schmitt Homes, Inc. ("Schmitt Homes") claims visiting Judge JAMES J. SWEENEY erred by denying its motion for summary judgment on its claim for indemnification and bad faith against appellee Cincinnati Insurance Company ("Cincinnati") and granting Cincinnati's motion for summary judgment. Schmitt Homes contends that because Cincinnati never determined the cause of the underlying loss claim it could not assert such cause to be an exclusion under its liability policy and, further, that the judge should not have considered the jury instructions given in the underlying case involving negligent construction because they were not admissible in this case. Finally, Schmitt Homes submits that whether Cincinnati acted unreasonably when it denied coverage on the negligent construction claim was a material issue of fact in dispute. We disagree and affirm.
The following contains, in part, an abbreviated version of the facts discussed in our decision, Bob Schmidt Homes, Inc. v. TheCincinnati Insurance Co. (Jan. 18, 1996), Cuyahoga App. 68710, unreported, that remanded this action for further consideration after vacating an earlier judgment in favor of Cincinnati.[1]
Schmitt Homes, a builder of residential homes, purchased a liability insurance policy and an umbrella policy from Cincinnati in 1972. Schmitt Homes constructed a home in Strongsville, Ohio for the Lonardo family in 1972, which was subsequently purchased by Mr. and Mrs. James Orlowski in 1978. After experiencing structural problems with the home, the Orlowskis filed suit against Schmitt Homes in 1985.
By letter dated March 7, 1985, Cincinnati informed Schmitt Homes of its intent to undertake the defense of the Orlowski complaint but asserted a reservation of rights specifically referring to policy exclusions which would preclude indemnity. The Orlowskis voluntarily dismissed their complaint before trial but eventually refiled it in March 1988, Orlowski v. Bob SchmittHomes, Inc., Cuyahoga C.P. 145772. Cincinnati again undertook to provide a defense for Schmitt Homes but did not issue a second reservation of rights letter. At trial, the Orlowskis obtained a judgment against Schmitt Homes in the amount of $165,000 which Schmitt ultimately satisfied in the amount of $155,000.
On January 11, 1993, Schmitt Homes filed the present action seeking indemnification from Cincinnati for the satisfaction of judgment in the Orlowski suit and alleging that Cincinnati breached its good faith obligation under its policy by failing to pay the Orlowski claim. On February 13, 1995, the action was referred to a visiting judge for trial. Before voir dire, opening statements, or presentation of evidence, but after the court read stipulations into the record, Judge WILLIAM MAHON, sua sponte
entered judgment for Cincinnati. After our review, we vacated the judgment for the reason that the judge's actions "fail[ed] to conform to the requirements of the Civil Rules of Procedure and constitutes an abuse of discretion."
Upon remand, both parties filed motions for summary judgment which were denied by Judge Brian Corrigan. The case was transferred to Judge Sweeney for trial, he reconsidered the motions for summary judgment, denied that of Schmitt Homes and granted that of Cincinnati. Schmitt Home's appeal reiterates the contentions in its summary judgment motion.
The first and second assignments of error will be considered together:
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF CINCINNATI INSURANCE IN LIGHT OF THE INSURER'S FAILURE TO DETERMINE THE CAUSE OF THE APPELLANT'S LOSS.
 THE TRIAL COURT ERRED IN DENYING THE PLAINTIFF'S MOTION IN LIMINE WITH RESPECT TO THE ADMISSIBILITY OF THE JURY INSTRUCTIONS FROM THE UNDERLYING CASE.
Schmitt Homes contends the Orlowskis sought recovery not only for the physical injury to their property, but for damages arising out of the exercise of their personal rights, "invasion of the right of private occupancy," a claim that would be covered under the Personal Injury Liability insurance ("PIL") provided by the Cincinnati policy. It also argues that, because the verdict was a general one, the jury instructions cannot be determinative of the cause of the claimed loss and should have been excluded from the record in this case. "[A]bsent answers to special interrogatories," Schmitt Homes submits, "the factual underpinnings of the Orlowski jury verdict will be forever unknown." While Schmitt Homes admits that the physical injury to the Orlowski home falls outside the property damage section of the Comprehensive General Liability insurance ("CGL") and is excluded from coverage by the "work product exclusion," it asserts that, because the insurer never determined the actual cause of the loss, it was foreclosed from asserting this exclusion.
Cincinnati counters that the only conceivable grounds for the jury verdict against Schmitt Homes was the builder's negligence in design, faulty workmanship, faulty repair, or faulty construction — matters which fall within the specific "work product" and "work performed" exclusions under the CGL insurance. Moreover, it argues, because the Orlowskis alleged in their complaint only negligent design and construction by Schmitt Homes, the only evidence presented by the Orlowskis' experts concerned negligent design and construction, and the sole charge given to the jury was directed toward negligent design and construction, the jury could not have come to any other conclusion about the cause of the Orlowskis' damages when it rendered a verdict in their favor. Thus, the judge correctly granted summary judgment in favor of Cincinnati.
This Court reviews the grant of summary judgment de novo,
without deference to the ruling of the trial judge, and applies the standard set forth in Civ.R. 56 (C). Druso v. Bank One ofColumbus (1997), 124 Ohio App.3d 125, 131. A party may move for summary judgment if evidentiary material shows both that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Civ.R. 56 (C);Team v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. The moving party bears the initial burden of supporting its motion by specifically pointing to something in the record that comports with the evidentiary material listed in Civ.R. 56 (C). Dresher v.Burt (1996), 75 Ohio St.3d 280, 292-293, 298. However, the movant cannot satisfy this burden through conclusory assertions that the non-moving party has no evidence to support its case. Dresher,75 Ohio St.3d at 293. Once the movant has satisfied this burden, the non-moving party assumes a reciprocal burden of showing that a genuine issue of material fact exists for trial. Civ.R. 56 (E);Dresher, 75 Ohio St.3d at 293. The non-moving party must satisfy this reciprocal burden by pointing to the same type of evidentiary material of record as listed under Civ.R. 56 (C). Civ.R. 56 (E); Dresher, 75 Ohio St.3d at 293. If the non-moving party fails to satisfy this burden, the judge then may render summary judgment in favor of the movant if such judgment is appropriate. Civ.R. 56 (E). Summary judgment is only appropriate when, after viewing the evidence in a light most favorable to the non-moving party, reasonable minds can come to one conclusion and that conclusion is adverse to the non-moving party. Civ.R. 56 (C). Temple, 50 Ohio St.2d at 327; Druso, 124 Ohio App.3d at 131.
The duty to indemnify an insured is separate and distinct from the insurer's duty to defend. Riverside Ins. Co. v. Wiland
(1984), 16 Ohio App.3d 23, 26, 474 N.E.2d 371, 375. "Even in cases where an insurer is not obligated to defend its insured, if the findings in the case show that the insured's loss is covered by the contract, the insurer is still liable to the insured."Id., citing, in part, Lessak v. Metropolitan Cas. Ins. Co.
(1958), 168 Ohio St. 153, 151 N.E.2d 730; Socony-Vacuum Oil Co.v. Continental Cas. Co. (1945), 144 Ohio St. 382, 59 N.E.2d 199.
Schmitt Homes fashions its first assignment of error in terms of Cincinnati's failure to determine the cause of the damage to the Orlowski home, but it fails to show how Cincinnati is bound, contractually or otherwise, to independently determine the cause of the damage. Moreover, it fails to articulate either how or why the carrier's determination of the cause of the loss is determinative of its duty to indemnify pursuant to the terms of the insurance policy. In an action against an insurer alleging the breach of duty to indemnify for a loss, the determination of cause is left to the trier of fact in the underlying action, seeWiland, 16 Ohio App.3d at 26, and the question of coverage as to cause, e.g., negligence, intentional conduct, act of God, is necessarily tied to the language of the insurance policy. The insurer's determination of cause is not dispositive of the question of whether it has a duty to indemnify its insured.
We conclude that even if the judge had erred in denying Schmitt Homes' motion in limine, designed to prevent Cincinnati from presenting to the jury the instructions given to the Orlowski jury, such error is harmless. Civ.R. 61. Even if the judge had excluded consideration of the Orlowski jury instructions, Schmitt Homes failed to satisfy its reciprocal burden of pointing to evidentiary materials of the type listed in Civ.R. 56 (C) to show the existence of a genuine issue of material fact. Civ.R. 56 (E);Dresher, 75 Ohio St.3d at 293. In addition to the jury charge attached to its Motion for Summary Judgment, Cincinnati provided the judge with copies of both the Orlowskis' original and re-filed complaint. These similar four-count complaints can be fairly read to include claims for negligent design and construction; breach of contract and express warranties to repair; negligent repair; and intentional fraudulent misrepresentation. Other exhibits to the motion included portions of the transcript in the Orlowski trial where an expert opined that the damage to the home was due to negligent design and construction. Cincinnati also included a portion of proceedings held on February 13, 1995, before Judge MAHON, where Schmitt Homes' attorney admitted that "[i]f it's shown that it was done by the negligent design or construction of the insured, then it would be excluded [from coverage under the policy], your Honor." Based upon our independent review of the foregoing and without considering the jury instructions, we conclude that Cincinnati satisfied its initial burden of going forward with evidence showing there is no genuine issue of any material fact regarding the question of coverage and that, since coverage would not be available to Schmitt Homes' for such loss under the CGL policy, it was entitled to judgment as a matter of law. Civ. R. 56 (C);Team, 50 Ohio St.2d at 327; Dresher, 75 Ohio St.3d at 292-293,298.
Schmitt Homes, however, did not satisfy its reciprocal burden of going forward with evidence to show the existence of a genuine issue of material fact; whether the Orlowskis' claims were covered by Cincinnati's policy provisions, i.e., whether the jury's general verdict in the underlying Orlowski case was based upon "damage to the exercise of their personal rights which are an incident of ownership of the real estate" and would be arguably covered as an "invasion of the right of private occupancy" under the PIL insurance. Civ.R. 56 (E). Schmitt Homes presented nothing other than a conclusory statement indicating that such was the case.
After viewing the evidence in a light most favorable to Schmitt Homes, reasonable minds could come to one conclusion and that conclusion is adverse. Civ.R. 56 (C). Temple,50 Ohio St.2d at 327; Druso, 124 Ohio App.3d at 131. Summary judgment in favor of Cincinnati was appropriate. Schmitt Home's first and second assignments of error are overruled.
The third assignment of error:
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO THE DEFENDANT BECAUSE THERE IS SUFFICIENT EVIDENCE IN THE RECORD TO CREATE A JURY QUESTION AS TO WHETHER THE DEFENDANT BREACHED ITS DUTY OF GOOD FAITH IN PROCESSING THE PLAINTIFF'S CLAIM.
Here Schmitt Homes argues that an insured may maintain an action for bad faith against its insurer without having to show that it is entitled to coverage under the policy of insurance. According to Schmitt Homes, the facts show that Cincinnati outlined a plan to shield itself from its contractual duty to indemnify for any loss occasioned by the Orlowski suit or its progeny. Therefore, it argues, a question of fact regarding Cincinnati's subterfuge precluded summary judgment on this claim.
We find no merit in this contention. "An insurer fails to exercise good faith in the processing of a claim of its insured where its refusal to pay the claim is not predicated upon circumstances that furnish reasonable justification therefor."Zoppo v. Homestead Ins. Co. (1994), 71 Ohio St.3d 552,644 N.E.2d 397, paragraph one of the syllabus. The rule announced in Zoppo
presupposes that the insured is entitled to coverage in the first instance. As noted above, Schmitt Homes has failed to satisfy its burden of showing that it is entitled to coverage under the PIL or CGL. Therefore, since the initial factual prerequisite to this claim is lacking, summary judgment in favor of Cincinnati Insurance on Schmitt Homes' bad faith claim was appropriate. The third assignment of error is overruled.
Judgment affirmed.
It is ordered that the appellee recover from appellant its costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ____________________________ JUDGE ANNE L. KILBANE
 JOHN T. PATTON, P.J., AND KENNETH A. ROCCO, J., CONCUR
[1] In September of 1994, Cincinnati filed a pleading styled Trial Brief, or in the Alternative, Motion for Summary Judgment or Directed Verdict without leave of court. It was ordered to be a Trial Brief. Prior to voir dire a visiting judge, sua sponte,
entered judgment for Cincinnati. Because Schmidt Homes was not given the opportunity to present any evidence to rebut either summary judgment (Civ.R. 56) and a directed verdict under Civ.R. 50 which requires presentation of evidence, we found an abuse of discretion and reversed.