[Cite as *Williams v. United States Liab. Ins. Group*, 2012-Ohio-1288.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STEPHANIE WILLIAMS | JUDGES:<br>Hon. Patricia A. Delaney, P. J. |
| Plaintiff-Appellant | Hon. John W. Wise, J.<br>Hon. Julie A. Edwards, J. |
| -vs- | |
| | Case No. 2011 CA 00252 |
| UNITED STATES LIABILITY<br>INSURANCE GROUP | |
| Defendant-Appellee | O P I N I O N |

CHARACTER OF PROCEEDING:    Civil Appeal from the Court of Common
                            Pleas, Case No.  2011 CV 00744

JUDGMENT:                   Affirmed

DATE OF JUDGMENT ENTRY:     March 19, 2012

APPEARANCES:

For Plaintiff-Appellant               For Defendant-Appellee

JEFFREY V. HAWKINS                    LARRY C. GREATHOUSE
SLATER & ZURZ                         RICHARD C. O. REZIE
One Cascade Plaza, Suite 2210         GALLAGHER SHARP
Suite 2210                            6th Floor Bulkley Building
Akron, Ohio  44308-1135               1501 Euclid Avenue
                                      Cleveland, Ohio  44115

*Wise, J.*

{¶1} Plaintiff-Appellant Stephanie Williams appeals the decision of the Court of Common Pleas, Stark County, which overruled her motion for summary judgment and granted Appellee United States Liability Insurance Group's ("USLIG") motion for summary judgment in appellant's suit seeking recovery under a commercial insurance policy. The relevant facts leading to this appeal are as follows.

{¶2} On November 10, 2007, appellant was a patron at Smitty's Pub in Canton, which was insured by Appellee USLIG under the name "John Abel, dba Smitty's Pub." While appellant was seated at a booth near the dance floor that evening, a couple of other patrons collided with each other. Some words were exchanged between various patrons and the pub's security personnel, and appellant decided it was time to leave. However, the disc jockey on duty that night had purportedly blocked the nearest exit with his equipment, causing appellant to head toward another door. As she was on her way out, she was allegedly struck or landed on by several persons who had become involved in another altercation on the premises.

{¶3} On October 1, 2009, appellant filed a lawsuit in the Stark County Court of Common Pleas (case no. 2009CV03790), captioned as "Stephanie Williams v. John M. Abel, d/b/a Smitty's Pub" and other defendants. In her complaint in that suit, appellant alleged, in pertinent part, that she had been a business invitee at Smitty's on or about November 10, 2007, and that Smitty's, its agents, servants, and/or employees were negligent in failing to provide adequate security, failure to warn "as to the propensity for potential violence," and failure to allow for appropriate emergency exits. See Exhibit A to Plaintiff's Amended Complaint, April 26, 2011.

{¶4}   The case against Smitty's ultimately resulted in a consent judgment entry granting a judgment for $50,000.00 in favor of appellant.

{¶5}   On March 4, 2011, appellant filed an action against Appellee USLIG in the Stark County Court of Common Pleas, pursuant to R.C. 2721.02(B), seeking declaratory judgment and money damages.[1] On April 26, 2011, with leave of court, appellant filed an amended complaint.

{¶6}   Both sides thereafter filed motions for summary judgment. On October 4, 2011, the trial court issued a judgment entry denying appellant's motion for summary judgment and granting appellee's motion for summary judgment.

{¶7}   On November 3, 2011, appellant filed a notice of appeal. She herein raises the following sole Assignment of Error:

{¶8}   "I.   THE TRIAL COURT ERRED IN OVERRULING THE PLAINTIFF-APPELLANT'S MOTION FOR SUMMARY JUDGMENT AND GRANTING THE DEFENDANT-APPELLE'S (SIC) MOTION FOR SUMMARY JUDGMENT."

I.

{¶9}   In her sole Assignment of Error, appellant contends the trial court erred in denying appellant's motion for summary judgment and granting appellee's motion for summary judgment. We disagree.

---

[1]  R.C. 2721.02(B) states as follows: "A plaintiff who is not an insured under a particular policy of liability insurance may not commence against the insurer that issued the policy an action or proceeding under this chapter that seeks a declaratory judgment or decree as to whether the policy's coverage provisions extend to an injury, death, or loss to person or property that a particular insured under the policy allegedly tortiously caused the plaintiff to sustain or caused another person for whom the plaintiff is a legal representative to sustain, until a court of record enters in a distinct civil action for damages between the plaintiff and that insured as a tortfeasor a final judgment awarding the plaintiff damages for the injury, death, or loss to person or property involved."

{¶10} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36, 506 N.E.2d 212. As such, we must refer to Civ.R. 56 which provides, in pertinent part: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."

{¶11} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for

trial. *Vahila v. Hall* (1997), 77 Ohio St.3d 421, 429, 674 N.E.2d 1164, citing *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264.

**{¶12}** It is undisputed that the USLIG policy in question contains an assault or battery exclusion, which states in pertinent part that coverage is not provided for "[a]ny claim, demand or 'suit' based on 'assault' or 'battery,' or out of any act or omission in connection with the prevention or suppression of any 'assault' or 'battery' *** whether caused by or at the instigation or direction of an insured, its 'employees,' agents, officers, or directors, patrons or any other person."

**{¶13}** Appellant maintains that Smitty's disc jockey's alleged blockage of one of the fire exits on the evening in question constitutes negligence per se, directing us to O.A.C. 1301:7-7-10(BB)(5), which requires that a means of egress shall be free from obstructions that would prevent its use. Appellant also proposes that the "based on assault or battery" language in the aforesaid USLIG policy exclusion is ambiguous and must be construed strictly against the insurer.

**{¶14}** Appellee USLIG responds with reference to a number of cases which have addressed similar claims under an "assault and battery" exclusion. For example, in *Sphere Drake Ins. Co. v. Ross* (1992), 80 Ohio App.3d 506, the Ninth District Court of Appeals addressed a tavern insurer's argument that it had no duty to indemnify under an assault and battery exclusion, where a patron, Kelly Ross, had been assaulted during a scuffle with the tavern's security personnel at an establishment known as "Froggies." The Court determined: "Because Ross' injuries resulted directly from an assault and battery, the exclusion operates to exempt Sphere from any liability under the policy. Even should Ross prevail in his negligence action against Froggies, it would

not affect this result. The fact that a concurrent cause in negligence may have contributed to Ross' injury does not change the fact that his injury was the result of an assault and battery, the very thing the policy excludes from its coverage." Id. at 510.

{¶15} Upon review, we reach a similar result in the case sub judice. We find reasonable minds could only determine that despite appellant's concurrent claims of negligence against Smitty's, the injuries claimed by appellant were "based on" the chain of events stemming from a physical altercation between other persons in the pub, as well as alleged omissions by Smitty's employees in connection with the suppression of an assault or battery on the premises, thus falling under the USLIG policy exclusion at issue.

{¶16} Appellee USLIG also responds, via a cross-assignment of error, that it was no longer "legally obligated" to indemnify, as per the language of the policy, based on the agreement between appellant and Smitty's, in the prior consent judgment, that appellant would not pursue collection against the pub. However, we find it unnecessary to reach this issue under the circumstances of the case sub judice.

**{¶17}** Appellant's sole Assignment of Error is therefore overruled.

**{¶18}** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.


By: Wise, J.

Delaney, P. J., and

Edwards, J., concur.


_____

_____

_____

JUDGES

JWW/d 0213

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STEPHANIE WILLIAMS                      :
                                        :
    Plaintiff-Appellant            :
                                        :
-vs-                                    :       JUDGMENT ENTRY
                                        :
UNITED STATES LIABILITY                 :
INSURANCE GROUP                         :
                                        :
    Defendant-Appellee             :       Case No. 2011 CA 00252

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.

Costs assessed to appellant.

_____

_____

_____

                       JUDGES